E. B. NIXON AND HER HUSBAND V. W. W. ARMSTRONG.

1. A will, where the attesting witnesses are all interested, is not therefore void. The probate of the will by a witness, who releases the legacy, is valid as to all of the will save as to the legacies to the subscribing witnesses.
2. The will so proven is void as to the legacies to the subscribing witnesses.
3. By credible witness is meant a competent witness.

APPEAL from Walker. Tried below before the Hon. J. R. Burnett.

On the sixth of April, 1867, Col. Thomas Carothers executed his will, which was attested by E. B. Nixon, Primus Johnson and L. D. Cox. To each one of these witnesses the testator made bequests, referring to E. B. Nixon as "my niece, Emma Brisco, now Mrs. Nixon;" to Primus Johnson as "Primus," and to L. D. Cox as "Lidy Smith." These were all the legatees, except W. H. Smith, to whom a bequest was made. He was not a witness to the will.

On the seventeenth of April, 1867, Carothers died, having made no other will. On the twenty-sixth day of June, 1867, the subscribing witness, Primus Johnson, executed a renunciation of his legacy and relinquishment of all interest in the estate. On the next day, in the probate court of Walker county, the will was admitted to probate on the testimony of Primus Johnson, and F. D. Thornton appointed administrator, with the will annexed. Subsequently he was removed and the appellants appointed in his place, who were administering the estate

when this suit was brought by W. W. Armstrong on the fifth of June, 1871, under Article 1262, Paschal's Digest, to contest the validity of the will, and set aside the same and the probate thereof, on the grounds that the will was not lawfully attested.   On the trial it was admitted that the plaintiff was a nephew of Carothers, and that Carothers died without leaving wife or children.   The plaintiff demurred to the sufficiency of the answer, and moved the court, on the admission of defendants, to grant him judgment as prayed for.   The demurrer was sustained by the court, and judgment rendered in favor of plaintiff, declaring the will invalid, because not legally attested, annulling the probate thereof, removing Nixon and wife from the administration, and appointing the plaintiff administrator of the estate.   To the rulings and judgment of the court the defendants excepted, and gave notice of appeal.

*Abercrombie & Banton* and *Hancock & West*, for appellants.

No brief for appellee has reached the hands of the Reporters.

OGDEN, J.—We think that much of the learned discussion of England and America upon the subject of the necessary qualifications of attesting witnesses to a will, is rendered comparatively nugatory by the operation of our statute; and while we may look to other States and countries whose laws and institutions are similar to ours for rules of legal interpretation in doubtful cases, yet, when our statute speaks in plain and unambiguous language, that must be not only our rule of action, but of construction also.

Our statute (Paschal's Digest, Art. 536) provides that when a will is not wholly written by the testator, it shall

be attested by two or more credible witnesses. The statute, however, fails to specify who shall be considered credible witnesses in all cases, or to define all the necessary qualifications to constitute a credible witness; and therefore, whenever it becomes necessary to determine that question, the courts must be governed by the enunciations of acknowledged authorities and the dictates of reason; and it is believed that by following these guides we would come to the same conclusion as did Lord Camden, in Hindson v. Kersey, that a credible witness is a competent witness, and none other. Upon the theory that a pecuniary interest disqualifies a witness, it is almost universally held that a devisee or legatee is incompetent as a witness to attest or prove up the will under which he receives a benefit.

The controversy which has been long carried on as to the time when the attesting witness must be credible or competent, whether at the time when he attested the will, or when he was called upon to prove it, does not properly arise under our law in the case at bar, and we are therefore happily relieved from an attempt at the solution of that much mooted problem.

The will of Col. Thomas Carothers was written by one of the legatees and attesting witnesses, and attested by E. B. Nixon, L. D. Cox and Primus Johnson, all of whom were legatees under the will, and were incompetent attesting witnesses at the time of attestation; and as the statute referred to requires this will to be attested by two or more credible witnesses, the attestation was in violation, or rather in disregard, of the statute, and the will itself, under the decisions of most of the States, would be declared void if adjudged at the time of attesting. But after the death of the testator, and before the will was offered for probate, Primus Johnson, one of the witnesses, relinquished his bequest, and then came forward and proved the will.

It is now claimed, upon the authority of Lord Mansfield and others, that the witnesses are not required to be competent or credible at the time of attestation, but that if they became so at the time they present themselves to prove the will, that is all the law requires. But it would seem that even this construction of the law would not benefit the appellants in this case, for the statute requires that the will shall be attested by two or more credible witnesses, and, as but one of the witnesses have as yet become competent by a relinquishment, it follows that at the time the will was probated it was not attested as required by statute. E. B. Nixon and L. D. Cox are still claiming to be legatees under the will, and are not, therefore, competent attesting witnesses, and the will was proven when there was but one competent witness attesting its execution; and under this state of facts it is believed that even Lord Mansfield would have declared the will void. And under our law the will cannot be sustained in any particular, unless it be by virtue of the force and effect of Article 5370, Paschal's Digest, which is as follows: "If any person shall subscribe his name as a witness to a will wherein any bequest is given to him, if the will cannot be otherwise proven, the bequest shall be void, and such witness shall be allowed and compelled to appear and give testimony on the residue of the will, in like manner as if no such bequest had been made."

This statute was evidently passed for the purpose of preventing wills from failing when one of the subscribing witnesses had received a bequest under its provisions, but we can hardly imagine that the Legislature supposed that such a state of facts would be likely to arise in Texas, where three persons, strangers in law to the testator, and the principal legatees of a considerable estate, would be the only attesting witnesses of the proper execution of a will which one of their number had written. Had John-

son been the only attesting witness who received a bequest the will would have been good, as there would still have been two competent witnesses attesting the same, and, under the statute, Johnson might have retained his bequest. But in case the two disinterested witnesses had died or left the country, so that the will could not have been proven up, then, under the statute, the bequest to Johnson would have become void, and he might have proven the will. But we do not think the case before us one intended to be reached by the statute under consideration.

Again, there never has been but one credible or competent attesting witness to the will, and in order to sustain the will under the statute, at least one other attesting witness would have had to relinquished his bequest, and we can discover no rule of law or equity which could have distinguished between the three witnesses, had not Johnson made a voluntary relinquishment and selected one for sacrifice, while the other two were left to enjoy the bounty conferred, and to which bounty they were their own witnesses. We think the only proper and reasonable construction of Article 5370 is that all bequests made to attesting witnesses shall be absolutely void, unless there are the required number of witnesses attesting and to prove the will, who have received no bequests.

Again, the statute says that if the will cannot be otherwise proven, the bequests to the attesting witnesses shall be void; and if void, then its nullity must relate back to the time when the pretended bequest was made, and not to the relinquishment by Johnson. If that be so, then every bequest to attesting witnesses became null on their signing the will; for without that effect the will could not have been proven, as it had no competent attesting witnesses.

And again, any other construction of Article 5370 would render wholly nugatory Article 5361, which de-

clares that all wills not written by the testator shall be signed by two or more credible witnesses. We think it will hardly be contended that the will of Col. Thomas Carothers was ever signed by any competent attesting witnesses, who were competent when they subscribed their names, unless the statute rendered their bequests void at that time; as otherwise the will might have been attested by one real and two fictitious names, provided that there was one real person as a competent witness to prove the will.

Nor can the operation of the recent statute authorizing parties to testify in their own behalf, be invoked to aid the cause of appellants, as that statute was never intended to authorize parties to witness instruments executed to themselves; while the second section of that act prohibits either party to this suit from testifying as to any transaction with, or statements by, the testator.

Under this view of the law, we must decide that, under Art. 5370 of the statute, the will of Thomas Carothers is not absolutely and wholly void, for the want of the requisite number of competent or credible witnesses, but that the bequests to all the attesting witnesses are void; and further, that the will was properly probated as to all of its other provisions and bequests, excepting such as relate to the benefit of any and all of the attesting witnesses.

The judgment of the District Court is reversed and the cause remanded for proper proceedings in the court below.

REVERSED AND REMANDED.