55   393
87   645

## J. P. FOWLER ET AL. V. J. P. STAGNER ET AL.

(Case No. 2723.)

1. WILL — ATTESTING WITNESS.— Where there are but two subscribing witnesses to a will, one of whom is, by its terms, a devisee under it, such party, by the very act of subscribing it as a witness, avoids the bequest; his competency and credibility as a witness to establish the will is the result of the nullity of the bequest to him.

2. WILL — CODICIL.— A will and codicil, the last providing for executors only, were both signed at the same time by the testator, both being written on the same piece of paper; the witnesses to the will signed the same as such but once, it being the intention to attest the execution of the whole will, including the codicil. *Held,*

   (1) The proceedings, being regular in other respects, the codicil was properly executed, and it did not matter on what portion of the will the subscribing witnesses signed their names, if the signatures were affixed after making the codicil, with the purpose to attest the execution of the entire will, including the codicil.

APPEAL from Caldwell. Tried below before the Hon. L. W. Moore.

Suit brought by the appellants on November 15, 1873, contesting the validity of the probate of the will of Susan M. Larremore, proved and ordered to be recorded by decree of the county court of Caldwell county at its April term, 1869, praying that it be set aside and the property of the estate partitioned among the heirs. The plaintiff alleged the invalidity of the will and its probate, for —

1. That it was not in the handwriting of Mrs. Larremore, and was not attested by two or more credible witnesses.

2. That J. T. Powers was not a credible witness, because a principal devisee under the will.

3. That Mrs. Larremore was unduly influenced to sign it by said Powers.

4. That she was not then of sound mind.

5. That the codicil was neither attested nor proved as required by law.

6. That no notice of the filing was given or published.

7. That the affidavit of Laney (one of the subscribing witnesses) does not show that Mrs. Larremore was of sound mind, or that Mrs. Larremore died in Caldwell county, or resided there, or had property there, or any other fact showing that the probate court had jurisdiction, or that the subscribing witnesses signed in presence of each other.

8. That the will was not presented for probate within a reasonable time.

The defendants filed a general denial and alleged the regularity of the probate of the will, etc.

The case was submitted to a jury and a verdict returned for the defendants; judgment entered in accordance therewith, from which this appeal is prosecuted.

The assignment of errors was sufficiently specific to raise these questions which are presented in the appellants' brief:

1. The insufficiency of the probate.

2. The error of the judge's ruling upon the admissibility of witnesses to testify.

3. The charge of the judge.

4. The sufficiency of the testimony to support the verdict.

The case will be sufficiently understood from the opinion.

*Jones & Sayers* and *Russell*, for appellants.

I. By reference to the will, it will be seen that it is attested by but two witnesses; one of whom, J. F. Powers, was not only appointed an executor, but was also the principal legatee. An essential requisite of a will being that it shall have been executed in the presence of two credible witnesses, with their signatures as such, it becomes a question as to what constitutes credibility as intended by the statute. We are inclined to the opinion that, in this instance, the word has a dual meaning, conveying not only the idea of trustworthiness, but also that of competency; that is, a witness must not only be unimpeachable in point of veracity, but he must be wholly disinterested. Redfield on Law of Wills, part 1, ch. VI, §§ 2–6. If this be the proper interpretation of the term, we respectfully submit that there must be at least two credible witnesses to every will not written by the testator himself. That there is one credible witness by whom the facts necessary to be proven must be established will not be sufficient, for the law requires two. Art. 5361, Pasch. Dig. That a legatee in a will is not such a person as the statute considers a credible witness, we have but to refer to art. 5370, Paschal's Digest of the Laws of Texas, in which just such an emergency as has arisen in the cause under consideration is expressly provided for. The credibility of a witness who may also be a legatee can only be restored by his forfeiture of every interest dependent on the will. The case of Nixon *v.* Armstrong, 38 Tex., 296,

is .decisive. But it may be insisted that, inasmuch as one of the witnesses is not interested in the will, and that it is by the evidence of this witness that the will has been probated, art. 5370 of the statute does not apply. Taking the entire act relative to wills into consideration, we cannot think that the article last cited is so limited in its operation. If it be necessary that the will should be attested by two credible witnesses, and the word " credible " has not the dual signification which we have endeavored to attach to it, then there was no necessity for the enactment of art. 5370, and the law-making power has been guilty of a tautology. To such a conclusion the judicial department will not go if it can be avoided. It has been the uniform policy of this court to abstain as much as possible from so invidious a criticism upon a co-ordinate branch of the government. We therefore take it that Powers, the testator of the appellee, was not such a witness as the law requires to render an instrument of the character which the one under consideration purports to be, valid, and, there being only two witnesses to it, the will must utterly fail for want of the proper attestation.

*J. P. Fowler*, also for appellants.

[No briefs on file for appellees.]

QUINAN, J. COM. APP.— The decree of the county court of Caldwell county, admitting to probate the will of Mrs. Larremore, was the judgment of a court having general jurisdiction over the probate of wills, and is conclusive and unimpeachable upon any collateral attack. Every presumption will be indulged in its favor. That decree will stand until set aside by a proceeding had directly for that purpose. And in such proceeding, the burden of proof is upon the party seeking to establish the invalidity of the will or its probate. Freeman on Judgments, 319*a*,

608; Guilford *v.* Love, 49 Tex., 115; Steele *v.* Renn, 50 Tex., 482; Beazley *v.* Denson, 40 Tex., 436.

In this suit, brought directly for that purpose, the facts of the residence of Mrs. Larremore and her death in Caldwell county, and consequently that the court had jurisdiction, were shown. The proof was also abundant to establish her sanity; that she executed the will and dictated it; that she was of lawful age, and that it was attested by witnesses of lawful age, who subscribed it as such in her presence. In fact there was no proof of the absence of any circumstance necessary to the due execution of the will, or of the existence of any fact to invalidate it, unless it be that the will is attested by only two witnesses, and one of these, Powers, is a devisee under the will and appointed one of the executors. And this presents the important question in the case: Was this will duly executed?

The statute of wills declares it in effect essential to the validity of a will, that, if it be not wholly in the handwriting of the testator, it shall be attested by two or more credible witnesses, above the age of fourteen years, subscribing their names in his or her presence. A credible witness is a competent witness. Redfield on Wills; Lewis *v.* Aylott, 45 Tex., 190; Nixon *v.* Armstrong, 38 Tex., 298. One who is interested as taking under the will is incompetent to testify to establish it. And this is true notwithstanding any general law removing the disability of witnesses on the ground of interest. The law at the time of the execution of this will, and the law now, provides how, and in what case, and with what effect, a will which is attested by a witness who is named a beneficiary therein, may be proved by such witness. Such a provision would be useless were it not that competency and credibility in the meaning of the statute are the same thing, and that without this provision such witness could not in any case testify.

The tenth section of the statute reads: "If any person shall subscribe his name as a witness to a will in which any bequest is given to him, if the will cannot be otherwise proved, the bequest shall be void, and such witness shall be allowed and compelled to appear and give testimony on the residue of the will, in like manner as if no such bequest had been made," etc.

This section did not repeal or qualify the first section of the act. A will is still invalid unless attested by two disinterested witnesses who take nothing under it. Nor is the will void because attested by one to whom a bequest is made. The policy of the statute is to prevent frauds, imposition or deceit, by providing that these dispositions of property, usually made in ill-health or at the near approach of death, and under circumstances peculiarly liable to imposition, shall be fairly made in the presence of at least two wholly disinterested persons; and also it is its policy to uphold the right of a testator to make such dispositions and prevent their failing because of the incompetency of the witnesses, by reason of any bequest left them by the will; and this it effects by declaring such bequest void.

Now here the will of Mrs. Larremore cannot be established should the attesting witness Powers take anything under it, because it would lack the necessary legal number of competent witnesses. The execution of it may indeed be proved by the oath of one witness, the witness Laney, who is wholly disinterested, but that proof would simply show the will invalid, when it appeared that Powers was both witness and legatee under it, unless we hold that by the very fact of Powers subscribing this will, there being but two attesting witnesses, the bequest to him in the will was avoided, and that he was therefore competent. It was not necessary that Powers should be called or compelled to testify, or that he should execute a release, but it was essential that he should take no inter-

est under the will, and that is effected by operation of the law.

We believe this the fair construction of the statute. The language of the section quoted, "if the will cannot otherwise be proved," must be understood as meaning if the will cannot otherwise be established as a valid will; not that proof of its execution by one witness would dispense with proof of its attestation by two competent witnesses, or that a will is well executed if attested by one disinterested witness though all the other subscribing witnesses are parties in its maintenance and beneficiaries under it, who cannot be called to testify with respect to its execution, so long as the one witness can be produced, but will continue to claim and hold under it.

We conclude, that, although the will of Mrs. Larremore was well proven, the bequest to Powers was void.

We are sustained in the views we have expressed by the case of Nixon v. Armstrong, 38 Tex., 29. But we need in this case intimate no opinion as to the effect or result had there been to this will other witnesses than Laney and Powers who were also interested.

It follows, then, in the present case from what we have said, that the charge of the judge to the jury, though doubtless, as far as it goes, good law, was, however, erroneous in failing to present to them the effect of the statute upon the bequest to Powers. They should have been instructed that his competency and credibility as a witness was the result of the nullity of the bequest to him.

The effect of the verdict of the jury and the judgment of the court is to establish the will without avoiding the bequest, and the judgment should therefore be set aside.

It is not necessary to notice more specifically the errors assigned upon the judge's charge, or the overruling the motion for a new trial.

The objection made to what is styled in the will a codicil, as not properly executed, we are of opinion is not

well taken.    It appears from the testimony that this clause, which simply provides for the appointment of executors, was written at the same time as the body of the will, upon the same paper, subscribed at the same time by Mrs. Larremore, and that the attestation by the witnesses was made after its execution, and with the intention of attesting the execution of the whole will.    It was not material, we think, in what part of the instrument they signed their names as witnesses, if that were done after the subscription and acknowledgment of it by the testator, and with the purpose of attesting it as subscribing witnesses.    1 Redfield on Wills, 233; Roberts v. Phillips, 4 El. & Bl., 450.    The determination now, however, of the validity of the attestation of this part of the will is not very material.    The estate of Mrs. Larremore has been, it appears, so far administered that it only remains to partition the property among those entitled to it.    The acts of the executors acting under the will as probated would not be invalidated because their appointment was afterwards held irregular.

The objection made to reading the deposition of Mrs. Tuttle is frivolous.    The signature of the officer, "D. R. Conley, clerk, by Chas. R. Beatty, deputy," sufficiently indicates that Beatty was deputy clerk.    This is the point made by the objection.

An exception was taken to the action of the court in refusing to permit the plaintiff David Larremore to testify.[1]

---

[1] From the bill of exceptions, we cannot say what was the nature of the conversation with the deceased which it was sought to give in evidence, nor what transaction it was intended to prove.    It is to be observed, however, that the statute now (art. 2248) excludes the party from testifying only "in actions arising out of a transaction with the decedent."    As to all other subjects the party is a competent witness; and it is not perceived why (if such were the object of his testimony) Larremore was not as competent as any other witness to speak of acts or conversations with Mrs. Larremore, tending to throw light upon her mental condition, or to show her testamentary capacity.

We have considered all the questions raised upon the record material to the controversy. For the reasons indicated, we are of opinion the judgment should be reversed and the case remanded.

REVERSED AND REMANDED.

[Opinion delivered October 10, 1881.]