## [No. 2647.]

### LIZZIE THOMAS *v.* THE STATE.

1. INFORMATIONS—AFFIDAVIT—PRACTICE—CONSTRUCTION OF A TERM.—Under the law of this State an information cannot be presented until oath has been made by some *credible person* charging the defendant with an offense. The words "credible person" must be construed to mean a competent as well as a credible witness.
2. ADULTERY—EVIDENCE—AFFIDAVIT.—The husband is not a competent witness against the wife in a prosecution for adultery, and to the same extent he is incompetent to make an affidavit charging her with that offense. See the opinion *in extenso* on the question.
3. EVIDENCE—IMPEACHMENT OF WITNESS—PRACTICE.—The party introducing a witness can not attack his testimony in any manner, unless the witness has stated facts injurious to such party.

APPEAL from the County Court of Dallas. Tried below before the Hon. R. E. Burke, County Judge.

The information in this case, based upon the affidavit of her husband, charged the appellant with adultery with Dick White. The fine imposed by a verdict of guilty was in the sum of one hundred dollars.

The testimony in brief showed that both White, who is an itinerant preacher, and the appellant were married persons, and that each was separated from their respective spouse. The

appellant was a member of White's congregation. No one of the State's witnesses testified to a knowledge of a single act of adultery, but all testified to seeing the Reverend Dick White about the premises occupied by the appellant on various and sundry occasions, and under such circumstances as to induce the belief that the two were occupying the premises as man and wife. Many of the witnesses often saw White, in shirt sleeves and slippers, chopping wood in the yard of the appellant, and one witness saw him on one occasion purchase meat at the beef market and start off with it in the direction of the appellant's house. This was early in the morning, before the ordinary breakfast hour. White was found in bed sick, in one of the rooms in that house, when the officers went there to arrest him and the appellant, under warrants charging them with this offense.

Two or three witnesses for the defense, claiming opportunities more or less favorable, testified that they had never seen White about the appellant's premises. A witness who occupied the premises adjoining, and for whose wife the appellant washed, had specially good opportunities, but had never seen White or any other man about the premises of the appellant. It was in proof for the defense that the man White was taken sick a few miles distant from Dallas, a few day before his arrest, and was brought to Dallas for treatment, securing quarters in the appellant's house, where he was found by the officers.

A witness for the State having denied all knowledge of the matter under investigation, the State's attorney, over objection, was permitted, with a view to his impeachment, to ask him if he did not tell another witness, the husband of the appellant, that he saw the appellant and White in bed together on one occasion when he spent the night at the appellant's house. He answered that he did not so inform the husband. Thereupon the State introduced the husband, who testified that the witness referred to did so inform him. This proceeding is the subject of one of the rulings of this court.

*Stemmons & Field,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. This is an appeal from a conviction of the crime of adultery, which conviction was had upon an informa-

tion based upon the affidavit of the husband of the defendant. A motion in arrest of judgment was made and overruled, the ground of the motion being that the husband was not competent to make the affidavit against his wife, and that, therefore, there was no basis for the information.

Article 404 of the Code of Criminal Procedure provides that "An information shall not be presented by the district or county attorney until oath has been made by some credible person, charging the defendant with an offense. The oath shall be reduced to writing and filed with the information." We construe the words "credible person," as used in the article quoted, to mean "a competent as well as a credible witness." Such has been the construction of the word "credible" by our Supreme Court in the case of attesting witnesses to a will, and the reasons given for so holding in that case apply with equal force here. (*Nixon* v. *Armstrong,* 38 Texas, 296.)

Therefore, as the statute, in effect, requires that the information shall be supported by the affidavit of a person competent to testify in the case as a witness, the question that next presents itself is, was the husband a competent witness to testify against the wife upon the charge of adultery? In *Compton* v. *The State,* decided by this court at its last term at Tyler, which was a conviction for the crime of incest, and in which the wife had been permitted to testify against the husband, the precise question here presented was exhaustively discussed and the authorities fully reviewed in an opinion delivered by Presiding Judge White, and the conclusion was arrived at that it was only in the case of an offense committed by one against the other that a husband or wife could be permitted to testify against each other, and that incest, bigamy, adultery, etc., are not offenses "committed by one against the other" within the meaning of the exception in the statute. We think the question is settled by the decision in the Compton case, and settled in accordance with the great weight of authority.

In this case the affidavit, which is the foundation of the information, shows upon its face that it was made by the husband of the defendant. We hold that he was not competent to make the affidavit; that such affidavit will not support an information, and that the court erred in overruling the defendant's motion in arrest of judgment.

Another error was, we think, committed by the trial court in allowing the prosecution to introduce evidence attacking the

credibility of its own witness, Horace Field, when this witness had stated nothing in his testimony injurious to the cause of the prosecution. A party introducing a witness can only attack the testimony of such witness when facts are stated by such witness which are injurious to the party introducing him. This is the only modification made by statute of the old rule which denied a party the right to attack the testimony of his own witness. (Code Crim. Proc., Art. 668.)

Because there is no legal affidavit supporting the information, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

Opinion delivered April 21, 1883.