### JNO. C. GAMBLE V. J. A. BUTCHEE ET AL.

#### No. 282.

**In Probate of Will the Wife of Legatee a Competent Witness.**

Under the Revised Statutes, articles 2246, 2247, and 2248, and articles 4859 and 4872, the wife of a legatee is competent as a subscribing witness to testify to the execution of the will in a proceeding for its probate. Neither her relationship nor interest affects her competency ..................... 646

QUESTIONS CERTIFIED from Court of Civil Appeals for Second District, in an appeal from Taylor County.

*Lockett & Joiner* and *John Bowyer*, for appellant.—The wife of a devisee or legatee in a will, when she herself is not by the terms of the will a beneficiary thereunder, is not disqualified from testifying as an attesting witness to said will. The law of Texas, by its terms, dis-

franchises the legatee or devisee from testifying as an attesting witness, in so far as the legacy or devise to him is concerned; but does not embrace within its interdiction the wife of such devisee or legatee, and can not, by implication or intendment, be extended to embrace persons or a class of persons not specifically named in the statutes. Rev. Stats., arts. 2246, 2247, 4872; Newton v. Newton, 77 Texas, 508; Mitchell v. Mitchell, 80 Texas, 101; Bates v. Officer, 70 Iowa, 346; Estep v. Morris, 38 Md., 317; Winslow v. Kimball, 25 Me., 493; Hawkins v. Hawkins, 54 Iowa, 443.

*J. M. Wagstaff* and *Cockrell & Cockrell*, for appellees.—1. At common law, the wives of legatees and devisees and heirs under a will were not competent witnesses. The subscribing witnesses in this case are the wives of the devisees, the wives of legal heirs, and unless articles 2246 2247, Sayles' Statutes, render them competent, they are not competent witnesses in this cause. Lewis v. Aylott, 45 Texas, 190; Watts v. Holland, 56 Texas, 54; Bank v. O'Brien, 28 S. W. Rep., 293; Fowler v. Stagner, 55 Texas, 397.

2. Appellees contend that articles 2246 and 2247 do not apply to subscribing witnesses to a will or deed. It is expressly so held in 45 Texas, 190, and the Supreme Court followed this case in Watts v. Holland, 56 Texas, 55, and other cases. The latest and best considered case outside of the Texas courts is the Tennessee case of Bank v. O'Brien, 28 Southwestern Reporter, 293. The Tennessee statutes and the Texas statutes are believed to be almost identical, and the court's attention is especially called to this case. Our statute, article 4859, defining the requisites of a will, was passed in 1840, and simply enacted what was the common law at that time. Since then articles 2246 and 2247 have been passed in reference to suits in court, and the same rules as to credibility and competency of witnesses exist now, unless repealed by articles 2246 and 2247. If repealed at all, it is by implication. The statutes in derogation of the common law should be strictly construed, and articles 2246 and 2247 should not be held to apply to subscribing witnesses to wills. If appellees' contention is correct, then the will is invalid and the case should be affirmed, because there was no subscribing witness competent at the time the will was executed.

3. Another proposition of appellees is, that on account of the oneness and unity of the marital relation whenever either the husband or wife is disqualified to testify or to act in a matter the other is also disqualified. This seems to be the doctrine laid down in a Pennsylvania case reported in 21 Atlantic Reporter, 355. Also in the case of Parks v. Caudle, 58 Texas, 216. A husband (a party to suit pro forma, and who had no interest in the suit) was not permitted to testify, and we see no reason why, except it be upon the ground that his wife was disqualified.

BROWN, ASSOCIATE JUSTICE.—The following statement and questions are certified to this court in the above cause:

"August 16, 1892, Mrs. S. E. Gamble attempted to make her will in writing, to which C. T. Gamble, wife of W. D. Gamble, and May Gamble, wife of John C. Gamble, were the only subscribing witnesses. John C. Gamble was the principal legatee, and W. T. Gamble was legatee to the amount of $5. This appeal is from a judgment refusing probate of this will, upon the ground that it was not attested by two credible witnesses, within the meaning of our statute. Upon the record as presented to us, now pending in this court, the following questions arise, which it is deemed advisable to certify to you for decision:

"1. Are the wives of legatees in a will credible witnesses and competent to attest it, under our statute?

"2. If question number 1 be answered in the negative, then should a will thus attested be refused probate altogether, or should it be admitted to probate upon the evidence of such witnesses, and the legacies to their husbands declared void?

"3. If question number 1 is answered in the negative, and it should appear from the evidence that W. D. Gamble, before testifying, relinquished all legacies and benefits under the will, and sufficient mental capacity in the testatrix be shown by disinterested witnesses, and the execution of the will be fully proven by W. D. Gamble and the attesting witnesses (wives as above set forth), and by no one else, then should the will be admitted to probate unqualifiedly, or should it be admitted to probate with an order declaring the legacies to both John C. and W. D. Gamble void, or should it be admitted to probate with an order declaring only the legacy to W. D. Gamble void?"

Article 4859, Revised Statutes, provides, that every will, except as otherwise provided by law, shall be attested by at least two "credible witnesses," etc. This requires two witnesses competent under the law to testify to the fact of its execution. Nixon v. Armstrong, 38 Texas, 296; Fowler v. Stagner, 55 Texas, 393; Brown v. Pridgen, 56 Texas, 124; Kennedy v. Upshaw, 66 Texas, 442.

Article 4872 reads as follows: "Should any person be subscribing witness to a will, and be also a legatee or devisee therein, if the will can not be otherwise established, such bequest shall be void, and such witness shall be allowed and compelled to appear and give his testimony in like manner as if no such bequest had been made. But if in such case the witness would have been entitled to a share of the estate of the testator had there been no will, he shall be entitled to so much of such share as shall not exceed the value of the bequest to him in the will."

Article 2246, Revised Statutes, removes the disability which existed at common law on account of interest in the witness, and article 2247 permits the husband or wife of a party to a proceeding, or who is in-

terested in the issue to be tried, to testify therein, except as to confidential communications between them.

Article 2248 is in this language: "Art. 2248. In actions by or against executors, administrators, or guardians, in which judgment may be rendered against them as such, neither party shall be allowed to testify against the other, as to transactions with or statements by the testator, intestate, or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

The provisions of the foregoing three articles apply to proceedings to probate wills. Martin v. McAdams, 27 S. W. Rep., 255.

Are the witnesses to the will of Mrs. S. E. Gamble competent to testify to its execution? If the legatees, their husbands, were the witnesses, they not only could testify, but the law would compel them to do so if the will could not be otherwise proved. In no event could the women, wives of the legatees, be rendered incompetent, because of the marriage, by a state of facts that would not disqualify the husbands themselves, and the will should be probated upon the testimony of the attesting witnesses.

If it be admitted that the wives of the legatees are interested, this would not disqualify them as witnesses, because interest does not disqualify in such case. The legatees themselves are not disqualified by interest to testify to the execution of the will, in cases where they are not witnesses to its execution, and they could prove its execution as could any other witnesses. Martin v. McAdams, 27 S. W. Rep., 255. The wives are not disqualified to testify as witnesses in the matter because their husbands are parties to the proceeding, for the reason that the property to be received by the husbands would be their separate property, and the case does not come within the doctrine of Simpson v. Brotherton, 62 Texas, 170 Under the statute a wife may testify in favor of her husband, who is a party, she not being a party, to matters which transpired between him and a deceased person whose heirs or legal representatives are parties.

In New York, under a statute similar to ours, it has been held, that where a woman is witness to a will by which her husband is legatee or devisee, the wife is a competent witness, but the legacy to the husband will be held void. Jackson v. Woods, 1 Johns., 163; Jackson v. Durland, 2 Id., 213. The majority of the court in the first case cited place the disqualification of the wife upon the ground of unity between the husband and wife; and the same doctrine seems to be held by the Supreme Court of Maine in Winslow v. Kimball, 25 Maine, 493, though the ground of the decision in the latter case is not distinctly stated.

In the State of Iowa it is held, that a husband or wife who may attest a will as a subscribing witness, the husband or wife of such attest-

ing witness being a legatee or devisee, is a competent witness, and the will may be so proved.  Hawkins v. Hawkins, 54 Iowa, 443; Bates v. Officer, 70 Iowa, 343.  In these cases the question was as to the wife's interest; but if it be true that the husband and wife are so far one as to constitute the wife a legatee in the meaning of the statute, when the husband is legatee by the .terms of the instrument, then we can not see why the interest of the one should not be attributed to the other under the doctrine of unity.

The common law doctrine of merger of the existence, legally, of the wife in that of the husband, does not prevail in this State.  Wood v. Wheeler, 7 Texas, 13.  They are distinct persons, with distinct rights of property in that which is denominated separate estate, and equal rights in that which is common property.  The fact that the husband is a legatee does not constitute the wife a legatee, nor impose upon the husband who is such legatee the· forfeiture of the legacy under a will witnessed by her, which would be consequent upon his being such witness and legatee.

The will in this case so far as affected by the question of the credibility, competency, of the witnesses, should be admitted to probate without qualification as to the legacies contained therein in favor of the husband.

Delivered April 15, 1895.