## CURRY v. CURRY et al. (No. 886.)

Court of Civil Appeals of Texas. Waco. Jan. 16, 1930.

Anderson & Bonner, of Fairfield, and A. B. Geppert, of Teague, for appellant.

Lex Smith, of Teague, and R. L. Williford, of Fairfield, for appellees.

BARCUS, J. This is an appeal from the judgment of the trial court denying the probate of the alleged will of Mattie J. Curry, deceased. The will was probated in the county court, and on appeal to the district court the cause was tried to a jury. At the conclusion of the testimony the trial court instructed the jury to return a verdict in favor of the contestants, and upon said instructed verdict entered judgment refusing to admit the will to probate. There is nothing in the judgment of the court which in any way indicates the theory upon which he gave the instructed verdict, except that he was of the opinion that the testimony offered was insufficient.

Appellant contends that the evidence was sufficient to require the trial court to submit the issues of fact to a jury. In their reply brief appellees contend that there was no evidence tending to show that the subscribing witnesses to the will were over 14 years of age at the time they signed same, or that said

will was, at the time the witnesses signed same, signed by the testatrix. It was shown without dispute, as required by article 3348 of the Revised Statutes, that the testatrix, at the time the alleged will was signed, was a married woman over the age of 21 years, was of sound mind, and that she was dead, and that the court had jurisdiction of the estate, and that citation had issued and been served as required by law. The only question therefore for determination is whether the will was executed with the formalities of law to make same valid, as required by subdivision 4 of said article. The formalities required by law are prescribed by article 8283 of the Revised Statutes, which provides: "Every last will and testament * * * shall be in writing and signed by the testator * * * and shall, if not wholly written by himself, be attested by two or more credible witnesses above the age of fourteen years, subscribing their names thereto in the presence of the testator."

A credible witness has been defined by our courts from the early decisions within the purview of said statute as a competent witness. Kennedy v. Upshaw, 66 Tex. 442, 1 S. W. 308, and authorities there cited; Gamble v. Butchee, 87 Tex. 643, 30 S. W. 861. Each of the two witnesses whose names are signed to the will as witnesses testified. Albert Gault testified: "I reside at Teague and have resided there since 1907. I am employed in the store of Hendrix & Webb and have been so employed since 1907. I knew Mrs. Mattie J. Curry in her lifetime and ever since I went to work in the store of Hendrix & Webb * * * I remember the occasion when Mrs. Curry came into the store and had me sign a will. I don't remember what year it was but do recall that it was after 1916 * * * Mrs. Curry was at the time she made this will, I imagine, about fifty years old * * * In my judgment, Mrs. Curry was sane at the time she executed this will * * * This instrument which counsel has handed me for examination is the last will and testament of Mrs. Curry. I never have heard of her making another will * * * When she came in (the store) she said she wanted Mr. Webb and me to witness her signature as her last will, and Mr. Webb and I signed as witnesses to her last will * * * I signed in her presence and in the presence of each other. Mrs. Curry did state that this was her will * * * When Mrs. Curry came in (the store) she called on Mr. Webb and myself to witness her will. The date ——— day of April, 1918, which appears on the will, is about the correct time when it was executed * * * As for my having noticed whether Mrs. Curry had signed this will when I signed,

I will say that I would not have signed it if her name had not been on it."

M. A. Webb, the other subscribing witness, testified: "I live at Teague and have lived there twenty-two years. I am engaged in business in Teague * * * I knew Mrs. Mattie J. Curry in her lifetime. She is dead at this time. I don't know exactly how long she has been dead, but about two years * * * I had business dealings with Mrs. Curry during her lifetime * * * there in the store, over a number of years—you might say ever since we have been in Teague until her death * * * I waited upon her as a customer in our store. It is my judgment that at the time she executed the will in my store she was sane * * * The instrument just handed me by counsel bears my signature and this is the will of Mrs. Curry * * * I am sure that I witnessed the instrument at the request of Mrs. Curry and in the presence of Mr. Gault. The signature of Mrs. Curry on the will looks like her signature and in my opinion it is her signature."

The purported will is signed "Mattie J. Curry," is typewritten and dated the ——— day of April, 1918, and has the following attestation clause thereto: "Signed, declared and published by Mattie J. Curry as her last will and testament in the presence of us, the attesting witnesses, who have hereto subscribed our names in the presence of the said Mattie J. Curry at her special instance and request, and in the presence of each other, this ——— day of April, 1918." Signed by Albert Gault and M. A. Webb.

Clearly, we think, the testimony was sufficient to authorize the jury to find that each of the witnesses at the time they signed the will in April, 1918, was more than 14 years of age. The testimony showed that at the time they witnessed the will they were both engaged in business in the town of Teague, the witness Gault having testified he had been in business there since 1907, and the witness Webb testified he had been living in Teague 22 years and had business dealings with Mrs. Curry in the store "over a number of years— you might say ever since we have been in Teague until her death." The witnesses were on the stand and testified before the court and jury.

The trial court was in error in instructing the jury to return a verdict in favor of the contestants, and was in error in entering judgment based thereon refusing to probate the will. Appellant was entitled to have the issues of fact submitted to a jury for determination.

The judgment of the trial court is reversed, and the cause remanded.