**RIDGEWAY et al. v. KEENE et al.**

No. 14136.

Court of Civil Appeals of Texas. Dallas.

Dec. 2, 1949.

Rehearing Denied Jan. 6, 1950.

Geo. M. Hopkins, of Denton, for appellants.

Lewis F. Russell, of Dallas, for appellees.

YOUNG, Justice.

Application to probate the will of Lulu Ridgeway, deceased, was contested on grounds of undue influence and mental incapacity, also that the instrument had not been attested by two witnesses competent under law to testify to the fact of its execution, perforce of art. 3716, Vernon's Ann.St. On hearing, the will was admitted to probate, which order was reiterated on appeal and trial de novo in district court. The further appeal is here on the record last made.

Miss Ridgeway died August 12, 1948, in Dallas, Dallas County, Texas, where the principal portion of her estate was situated. The will in question, allegedly signed by her on the previous June 5, had as attesting witnesses Albert H. Keene, James Ridgeway Keene and Roy C. Hecox. Deceased was a single woman at time of death, having never been married. Contestants herein are a brother, Otto Ridgeway, and two nephews, Rex and Lawson Ridgeway, sons of Rex Ridgeway, a deceased brother. Proponents of the will are two of the attesting witnesses, Albert H. Keene and James Ridgeway Keene, who, together with Marybelle Keene Hecox, are the children of a deceased sister, Cora Ridgeway Keene; the parties just named (brother, niece and nephews) comprising all of the heirs that survived the testatrix, Lulu Ridgeway.

After making specific bequests to contestants, Otto, Lawson and Rex Ridgeway, the will left the rest and residue of property to children of her deceased sister Cora (Albert H. Keene, James Ridgeway Keene and Marybelle Keene Hecox), appointing two of them, Albert H. Keene and James Ridgeway Keene, or survivor of either, as executors of estate without bond; providing for no action to be taken in probate court except matters relating to proof of will, return of inventory, appraisement and list of claims.

At the hearing Albert H. Keene testified that testatrix, Miss Ridgeway, executed said will at her Dallas apartment in his presence and that of James Ridgeway Keene, Roy Hecox and Mrs. Harriett Keene, wife of Albert H. Keene; also that all attesting witnesses including himself had signed said will in presence of each other; further, that at the time, such testatrix was of sound mind, over 21 years of age, and to knowledge of the particular witness (Dr. Keene) the will had not been revoked. Mrs. Harriett Keene testified to visiting the apartment of testatrix along with her husband, Dr. Albert H. Keene, for purpose of witnessing the will of Miss Ridgeway, and to seeing the latter sign the instrument; that testatrix was of sound mind at the time and, as far as witness knew, the will had not been revoked.

The foregoing testimony without more was sufficient to authorize the probate of this testamentary instrument within requirements of art. 8283, Vernon's Ann.St., amended in 1947, and 3344 and 3348, Vernon's Ann.St., amended in 1945. See Wilson v. Paulus, Tex.Com.App., 15 S.W.2d 571, Tex.Civ.App., 30 S.W.2d 573 (writ ref.); Mortgage Bond Corporation of New York v. Haney, Tex.Civ.App., 105 S.W.2d 488 (writ ref.); Ludwick v. Fowler, Tex. Civ.App., 193 S.W.2d 692.

The testimony of Dr. Keene, executor and legatee under the will and attesting witness, was not rendered incompetent by virtue of the prohibition of art. 3716, excluding evidence of transactions with testator, because of express language of arts. 8296 and 8297, Vernon's Ann. St. pertaining to the substantive law of wills. These statutes provide: article 8296 "Should any person be subscribing witness to a will, and be also a legatee or devisee therein, if the will cannot be otherwise established, such bequest shall be void, and such witness shall be allowed and compelled to appear and give his testimony in like manner as if no such bequest had been

made. But, if in such case the witness would have been entitled to a share of the estate of the testator had there been no will, he shall be entitled to so much of such share as shall not exceed the value of the bequest to him in the will. * * *" Article 8297: "In the case provided for in the preceding article, such will may be proved by the evidence of the subscribing witnesses, corroborated by the testimony of one or more other disinterested and credible persons, to the effect that the testimony of such subscribing witnesses necessary to sustain the will is substantially true; in which event the bequest to such subscribing witnesses shall not be void." Bradshaw v. Roberts, Tex.Civ.App., 52 S. W. 574 (writ ref.). Competent also was the testimony of Mrs. Harriett Keene by way of corroboration. It is well settled that where the interest involved is separate property of the husband, the wife is not disqualified under art. 3716. Gamble v. Butchee, 87 Tex. 643, 30 S.W. 861; Mitchell v. Deane, Tex.Com.App., 10 S.W.2d 717; Ragsdale v. Ragsdale, 142 Tex. 476, 179 S.W.2d 291, affirming Tex.Civ.App., 172 S.W.2d 381.

Appellants offered no evidence on their plea of undue influence and mental incapacity. However, in anticipation of such issue, Dr. Keene, attesting witness and legatee, was questioned by his counsel with reference to a previous will of Lulu Ridgeway, the testatrix. Although the following observations are not necessary to this opinion, it would appear that such additional testimony was well within the inhibition of art. 3716. McKibban v. Scott, 131 Tex. 182, 114 S.W.2d 213, 115 A.L.R. 1421. Likewise subject to exclusion, we think, was the testimony of Roy C. Hecox, subscribing witness and husband of Marybelle Keene Hecox, a beneficiary, despite the fact that he was not a party to the proceedings; the act of attesting a will constituting a transaction with decedent, Martin v. McAdams, 87 Tex. 225, 27 S.W. 255; Leahy v. Timon, 110 Tex. 73, 215 S.W. 951. Hecox was not a legatee and hence not within purview of art. 8296, supra; reasons underlying the husband's disqualification as a witness where wife is an heir, but not the latter if similarly situated, are discussed and explained in Davis v. Roach, Tex.Civ.App., 138 S.W.2d 268. See also Krause v. Krause, Tex.Civ.App., 186 S.W.2d 106, and Garcia v. Galindo, Tex.Civ.App., 189 S.W.2d 12.

In view of the allegations of contestants, it was not error for the court to receive on behalf of proponents the testimony of L. C. Jones, a disinterested witness and co-worker with Miss Ridgeway at First Texas Chemical Company to effect that when he last talked with decedent only a few days before execution of will, testatrix was of sound mind; that he was familiar with her handwriting and that the signature on the will was hers.

However, no error of reversible nature being present in appellants' points of appeal, judgment of the trial court is affirmed.