## SCANDURRO et al. v. BETO et al.
### No. 2914.

Court of Civil Appeals of Texas. Waco.

Nov. 29, 1950.

R. L. Henderson, Harold Clark, Waco, for appellants.

Billy J. Webb, Burney Walker, Waco, for appellees.

LESTER, Chief Justice.

On a former date we handed down an opinion in this cause, in which the judgment of the trial court was reversed and rendered. Proponent has filed a motion for rehearing, insisting that the judgment of the trial court should in all things be affirmed, and in the alternative, that the cause be reversed and remanded to insure a more complete development of the facts in order to prevent a gross injustice. Upon reconsideration we have decided to withdraw our former opinion of date July 3, 1950, and substitute therefor the following:

On July 25, 1949, Mrs. Mary Eugenia Robertson executed her will, which was not wholly written in the hand of the testatrix, and on August 26, 1949, she departed this life, leaving an estate of considerable value. Under the terms of said will her brother and two sisters were the only beneficiaries. The will was attested by Mrs. Ursula Gandy and Mrs. Billie E. Beto, and none other. Mrs. Beto, a sister of the deceased, was one of the principal devisees under the terms of said will and was also appointed independent executrix therein. Mrs. Beto filed an application in the County Court of McLennan County to have the will admitted to probate. The children of a deceased sister of the testatrix filed a contest, based upon the ground that the will was not attested by two competent witnesses, as required by law.

An order was entered in said court admitting the will to probate as to all of its provisions, without revoking the bequest to Mrs. Beto. An appeal was taken to the District Court where a like order was entered; hence this appeal.

The contestants contend here that the instrument is void for the lack of the necessary number of competent attesting witness-

es, and if not void, the court below erred in not revoking the bequest to Mrs. Beto. They cite in support thereof: Articles 8283, 8296 and 8297, Vernon's Ann.Civ.Stats.; also the following cases: Nixon v. Armstrong, 38 Tex. 296; Fowler v. Stagner, 55 Tex. 393; Brown v. Pridgen, 56 Tex. 124; Kennedy v. Upshaw, 66 Tex. 442, 1 S.W. 308; and Gamble v. Butchee, 87 Tex. 643, 30 S.W. 861.

Article 8283, Vernon's Ann.Civ.Stats., provides: "Every last will and testament except where otherwise provided by law, shall be in writing and signed by the testator or by some other person by his direction and in his presence, and shall, if not wholly in the handwriting of the testator, be attested by two or more credible witnesses."

Now, the question is: was Mrs. Billie Beto a credible witness at the time she attested said instrument as a witness. The statute does not define what constitutes credible witnesses, but this question has been before the appellate courts of this state several times. In the case of Nixon v. Armstrong, 38 Tex. 296, 297, which was a proceeding to contest a will and to have set aside an order admitting it to probate, all three of the attesting witnesses were named as beneficiaries therein. One of said witnesses relinquished his interest given to him under its provisions and testified, in order to prove said will. The court held that a credible witness, as used in the statute, is a competent witness, and none other, upon the theory that a pecuniary interest disqualifies a witness, and said that it has been almost universally held that a devisee or legatee is incompetent as a witness to attest or prove up a will under which he receives a bequest. Speaking of Article 5370 of Paschal's Digest, which is in effect Article 8296 of Vernon's Ann.Civ.Stats. and which reads as follows: "Should any person be a subscribing witness to a will, and be also a legatee or devisee therein, if the will cannot be otherwise established, such bequest shall be void, and such witness shall be allowed and compelled to appear and give his testimony in like manner as if no such bequest had been made. But, if in such case the witness would have been entitled to a share of the estate of the testator had there been no will, he shall be entitled to so much of such share as shall not exceed the value of the bequest to him in the will," the court said: "We think the only proper and reasonable construction of said article is that all bequests made to attesting witnesses shall be absolutely void, unless there are the required number of witnesses attesting and to prove the will, who have received no bequests." and further held that none of the attesting witnesses were competent witnesses at the time they attested the same and declared the bequests to all three to be void. The court further said: "Again, the statute says that if the will cannot be otherwise proven, the bequests to the attesting witnesses shall be void; and if void, then its nullity must relate back to the time when the pretended bequest was made, and not to the relinquishment by the witness. If that be so, then every bequest to attesting witnesses became null on their signing the will; for without that effect the will could not have been proven, as it had no competent attesting witnesses."

The case of Fowler v. Stagner, 55 Tex. 393, in which the opinion was rendered in 1881, is identical with the facts of this case. The will was attested by one Laney and J. T. Powers. Powers was a beneficiary under the terms of said will and named executor therein, and the court, in passing upon the question, said:

"The statute of wills declares it in effect essential to the validity of a will, that, if it be not wholly in the handwriting of the testator, it shall be attested by two or more credible witnesses, above the age of fourteen years, subscribing their names in his or her presence. A credible witness is a competent witness", and cites Redfield on Wills; Lewis v. Aylott['s Heirs], 45 Tex. 190; and Nixon v. Armstrong, supra.

The court further said:

"One who is interested as taking under the will is incompetent to testify to establish it. And this is true notwithstanding any general law removing the disability of witnesses on the ground of interest. The law at the time of the execution of this will, and the law now, provides how, and in what case,

and with what effect, a will which is attested by a witness who is named a beneficiary therein, may be proved by such witness. Such a provision would be useless were it not that competency and credibility in the meaning of the statute are the same thing, and that without this provision such witness could not in any case testify.

"The tenth section of the statute reads: 'If any person shall subscribe his name as a witness to a will in which any bequest is given to him, if the will cannot be otherwise proved, the bequest shall be void, and such witness shall be allowed and compelled to appear and give testimony on the residue of the will, in like manner as if no such bequest had been made, etc.'

"This section did not repeal or qualify the first section of the act. A will is still invalid unless attested by two disinterested witnesses who take nothing under it. Nor is the will void because attested by one to whom a bequest is made. The policy of the statute is to prevent frauds, imposition or deceit, by providing that these dispositions of property, usually made in ill health or at the near approach of death, and under circumstances peculiarly liable to imposition, shall be fairly made in the presence of at least two wholly disinterested persons; and also it is its policy to uphold the right of a testator to make such dispositions and prevent their failing because of the incompetency of the witnesses, by reason of any bequest left them by the will; and this it effects by declaring such bequest void.

"Now here the will of Mrs. Larremore cannot be established should the attesting witness Powers take anything under it, because it would lack the necessary legal number of competent witnesses. The execution of it may indeed be proved by the oath of one witness, the witness Laney, who is wholly disinterested, but that proof would simply show the will invalid, when it appeared Powers was both witness and legatee under it, unless we hold that by the very fact of Powers subscribing this will, there being but two attesting witnesses, the bequest to him in the will was avoided, and that he was therefore competent. It was not necessary that Powers should be called or compelled to testify, or that he should execute a release, but it was essential that he should take no interest under the will, and that is effected by operation of the law.

"We believe this the fair construction of the statute. The language of the section quoted, 'If the will cannot otherwise be proved' must be understood as meaning if the will cannot otherwise be established as a valid will; not that proof of its execution by one witness would dispense with proof of its attestation by two competent witnesses, or that a will is a well executed one if attested by one disinterested witness though all the other subscribing witnesses are parties in its maintenance and beneficiaries under it, who cannot be called to testify with respect to its execution, so long as the one witness can be produced, but will continue to claim and hold under it."

The case of Brown v. Pridgen, 56 Tex. 124, also held that the term "credible witnesses" meant "competent witnesses", and cited the case of Fowler v. Stagner, and further said:

"This court has uniformly held to that construction * * * Even if that construction admitted of doubt, it has been too long acquiesced in and acted on to be overruled. It has now become a rule of property, and valuable rights depend upon an adherence to it."

The proponents rely upon Article 8297, Vernon's Ann.Civ.Stats., which reads: "In the case provided for in the preceding article, such will may be proved by the evidence of the subscribing witnesses, corroborated by the testimony of one or more other disinterested and credible persons, to the effect that the testimony of such subscribing witnesses necessary to sustain the will is substantially true; in which event the bequest to such subscribing witnesses shall not be void."

This article was enacted into law in 1875 and the opinion in Fowler v. Stagner was written in 1881 and in the Brown v. Pridgen case the opinion was written in 1882, some six and seven years after the enactment of said article, yet the Supreme Court held that in order to sustain a valid will the same

should be attested by at least two competent witnesses, two that received no pecuniary benefit under its terms, and held that a will attested by only one competent witness together with another who was rendered incompetent by reason of being a devisee or legatee, the bequest to the latter should be void. In Fowler v. Stagner, supra, the court, some six years after Article 8297 became a law, referring to the will then under consideration, said:

"The law at the time of the execution of this will, and the law now, provides how, and in what case, and with what effect, a will which is attested by a witness who is named a beneficiary therein, may be proved by such witness. Such a provision would be useless were it not that competency and credibility in the meaning of the statute are the same thing, and that without this provision such witness could not in any case testify."

We can reasonably assume that the court had in mind Article 8297 as well as all the laws relating to the execution and establishment of wills when such statements were made. See also: Gamble v. Butchee, 87 Tex. 643, 30 S.W. 861. The legislature, in the enactment of the above article, did not modify, amend or repeal Article 8283, which requires that a will not wholly in the handwriting of the testator shall be attested by two credible witnesses, but only amended Section 10 of the probate laws then existing, which was in effect the same as Article 8296.

 We are of the opinion that this state is committed to the rule that a credible witness to a will must be a competent witness, that is, one who receives no pecuniary benefits under its terms. It is true Mrs. Beto was not called upon to testify in the proceedings below. The will was proven solely upon the testimony of Mrs. Gandy, the only competent attesting witness. This procedure would have been in compliance with the law had there been another competent attesting witness, and under such circumstances the bequest to Mrs. Beto would not have been void. A will can be proven by one competent attesting witness, but it takes two competent attesting witnesses to sustain a valid will. Mrs. Beto being a sub-scribing witness to the will and a devisee thereunder, therefore, is not a competent witness unless she relinquishes or the court revokes her pecuniary interest under its provisions. The policy of the law is to uphold a will when it can be done. Under the above cited authorities, this will is not void but to sustain it and prevent it from failing in its entirety for the lack of the required number of competent attesting witnesses, Mrs. Beto must become a competent witness, and to make her such a witness it is necessary that she receive no pecuniary benefits under its terms.

In Brown v. Pridgen, 56 Tex. 124, Fowler v. Stagner, 55 Tex. 393, and Nixon v. Armstrong, 38 Tex. 296, in which the exact or similar questions were before the court, and which are cited and strongly relied upon by the contestants, in each instance the case was reversed and remanded to the lower court. After reconsideration of the case, we have decided to reverse and remand the case in order to prevent any possible injustice. Therefore, the cause is reversed and remanded.

TIREY, J., took no part in the consideration and disposition of this case.