**Lois Jean WILKERSON, Appellant,**

v.

**John SLAUGHTER et al., Appellees.**

**No. 7649.**

Court of Civil Appeals of Texas.

Texarkana.

April 27, 1965.

C. B. Bunkley, Jr., Dallas, for appellant.

Neil Brans, Dallas, J. S. Simkins, Corsicana, for appellees.

DAVIS, Justice.

Appellant-defendant, Lois Jean Wilkerson, filed an application to probate the will of Cellie Davis in the Probate Court of Dallas County, Texas. An order was entered on October 3, 1963, admitting the will to probate. Appellees-plaintiffs, John B. Slaughter, et al, on March 6, 1964, filed suit to set aside the order admitting the will to probate. Appellees' contention in the trial of the case was that the will was not executed in the manner and form as required by law in that the two devisees, Bernice Sanders and Harry E. Sanders, signed the will as witnesses, and that the will was void. The probate court entered an order setting aside the judgment, holding the will to be void. An appeal was taken to the district court. Judgment was entered in the district court declaring the order of the probate court admitting the will to probate to be void, and ordering the same set aside from the probate docket. Appellant has perfected her appeal and brings forward one point of error.

By her point, appellant says the trial court erred in setting aside the order of the probate court admitting the will of Cellie Davis to probate and holding said order void, and in failing to show that said will was not executed in the manner required by law.

The will as executed by Cellie Davis had *three* witnesses, viz.: Bernice Sanders, Harry E. Sanders, and Mrs. D. J. Tunley. Horace Andrew Willard, a notary public,

took the affidavits and acknowledgments to the will. When the will was admitted to probate only two witnesses testified, viz.: Mrs. D. J. Tunley and Horace Andrew Willard. In the will, Cellie Davis left everything she had to Harry E. Sanders and Bernice Sanders.

▇ In the trial of the case in the district court, appellees offered in evidence the deposition of the witness Willard and the will. Appellant offered in evidence the will and both of the depositions that were presented in the probate court. The deposition of the witness Tunley proved the will. The witness Willard testified that he saw the deceased sign the will, and that he witnessed her signature. The record shows that he took the affidavits and acknowledgments. His testimony is sufficient to corroborate the testimony of the witness Tunley. It seems that the testimony that was offered in evidence in the district court was sufficient to actually prove the execution of the will, and the bequest to Harry E. Sanders and Bernice Sanders was not rendered void.

Sec. 61 of the Texas Probate Code, V. A.T.S. reads as follows:

"Sec. 61. Bequest to Witness: Should any person be a subscribing witness to a will, and also be a legatee or devisee therein, *if the will cannot be otherwise established, such bequest shall be void*, and such witness shall be allowed and compelled to appear and give his testimony in like manner as if no such bequest had been made. But, if in such case the witness would have been entitled to a share of the estate of the testator had there been no will, he shall be entitled to as much of such share as shall not exceed the value of the bequest to him in the will." (Emphasis added).

Sec. 62 of the Texas Probate Code reads as follows:

"Sec. 62. Corroboration of Testimony of Interested Witness: In the situation covered by the preceding Section, the bequest to the subscribing witness shall not be void if his testimony proving the will is corroborated by one or more disinterested and credible persons who testify that the testimony of the subscribing witness is true and correct, and such subscribing witness shall not be regarded as an incompetent or non-credible witness under Section 59 of this Code."

Under Section 62 of the Texas Probate Code there is an "INTERPRETATIVE COMMENTARY" which reads as follows:

"In Scandurro v. Beto [Tex.Civ. App.] 234 S.W.2d 695 (1950), it was held that where one witness was a devisee under the will, but the other was not, and the will was proved by the witness who had no interest thereunder, the will should not be probated because the statutes required that wills be witnessed by two 'credible' witnesses, and, under the statute which is now Section 61 of the Code, a witness receiving a bequest was not a credible witness. The last clause in this Section is intended to repudiate the holding in that case, and to incorporate into the Code the contrary holding in Ridgeway v. Keene [Tex. Civ.App.] 225 S.W.2d 647 (ref. n. r. e., 1949)."

In the Scandurro case, supra, one of the witnesses was a devisee under the will. The will was proved by a witness who had no interest thereunder. The will in this case was proved by a witness who had no interest thereunder; and, whose testimony was sufficiently corroborated by the other witness. In the Scandurro case the court held:

"We are of the opinion that this state is committed to the rule that a credible witness to a will must be a competent witness, that is, one who receives no pecuniary benefits under its terms. It is true Mrs. Beto was not called upon to testify in the pro-

**374**

ceedings below. The will was proven solely upon the testimony of Mrs. Gandy, the only competent attesting witness. This procedure would have been in compliance with the law had there been another competent attesting witness, and under such circumstances the bequest to Mrs. Beto would not have been void. A will can be proven by one competent attesting witness, but it takes two competent attesting witnesses to sustain a valid will. Mrs. Beto being a subscribing witness to the will and a devisee thereunder, therefore, is not a competent witness unless she relinquishes or the court revokes her pecuniary interest under its provisions. The policy of the law is to uphold a will when it can be done. Under the above cited authorities, this will is not void but to sustain it and prevent it from failing in its entirety for the lack of the required number of competent attesting witnesses, Mrs. Beto must become a competent witness, and to make her such a witness it is necessary that she receive no pecuniary benefits under its terms."

Sections 61 and 62 of the Texas Probate Code were amended in 1955. A will does not become void when a witness is a legatee or devisee, provided the will can be proven by other witnesses. In 1962 the Court of Civil Appeals in Eastland, Connor et al. v. Purcell, 360 S.W.2d 438, w. r., n. r. e., held that a witness offered in support of application to probate a nuncupative codicil to a will was not disqualified by statute to testify, although he was named in the will as executor, and the codicil was not void. The appellants in the Connor case took the same position as the appellees in this case by asserting that the facts showed that one of the witnesses was not a credible witness. In this case, there were three witnesses and the notary public. The will in this case having been proved by another witness and the testimony being sufficiently corroborated by another witness,

the trial court was in error in setting aside the probate of the will. The point is sustained.

The judgment of the trial court is reversed and judgment is here rendered that the appellees take nothing.