Mary Amelia Hutchins TRIESTMAN, Katherine Ann Hutchins Johnson and Ameritrust Texas N.A., Petitioners,

v.

Nancy Hutchins KILGORE, Respondent.

No. D–2609.

Supreme Court of Texas.

Oct. 14, 1992.

Kathryn F. Green, Scott L. Sherman, Richard L. Seshin, Lance K. Bruun, Corpus Christi, for petitioners.

C.M. Henkel, III, N.J. Welsh, III, Corpus Christi, for respondent.

PER CURIAM.

This case involves the probate of the will of William Merritt Hutchins, deceased. The probate court admitted the will to probate. Nancy Hutchins Kilgore, a named legatee under the will, appealed the probate order by writ of error. The court of appeals reversed the probate order, holding that there was no evidence presented by the will proponents that the attesting witnesses were credible on that date. 829 S.W.2d 295, 299–300.

■ The Probate Code requires every last will and testament, if not wholly in the handwriting of the testator, to be attested by two or more "credible witnesses." TEX. PROB.CODE ANN. § 59(a) (Vernon Supp. 1992). It is long settled that "credible witness" is synonymous with "competent witness." *Lehmann v. Krahl*, 155 Tex. 270, 285 S.W.2d 179, 180 (1955); *Gamble v. Butchee*, 87 Tex. 643, 30 S.W. 861 (1895); *Kennedy v. Upshaw*, 66 Tex. 442, 1 S.W. 308 (1886); *Brown v. Pridgen*, 56 Tex. 124 (1882); *Nixon v. Armstrong*, 38 Tex. 296 (1873). A competent witness to a will is one who receives no pecuniary benefit under its terms. *Scandurro v. Beto*, 234 S.W.2d 695, 698 (Tex.Civ.App.—Waco 1950, no writ). *See also Lehmann*, 285 S.W.2d at 180 (husband credible witness to will under which wife was legatee); *Gamble*, 30 S.W. at 862 (wife credible witness to will under which husband was legatee). Conversely, a person interested as taking under a will is incompetent to testify to establish it. *See* TEX.PROB.CODE ANN. § 61; *Fowler v. Stagner*, 55 Tex. 393, 397 (1881); *Nixon*, 38 Tex. at 298.

■ The court of appeals held that no evidence was presented that the subscribing witnesses were credible or competent. The purported will was admitted into evidence. The will provides no pecuniary benefit to either witness. The will itself constitutes some evidence that the witnesses were credible to attest the will at the time the will was executed.

In denying petitioners' application for writ of error, we disapprove of the court of appeals' analysis regarding the credibility

or competence of the attesting witnesses. The application for writ of error is denied.