## WARNER v. HUEY.

No. 8444.

Court of Civil Appeals of Texas. San Antonio.

May 21, 1930.

Rehearing Denied June 18, 1930.

Hull & Oliver, of San Antonio, for appellant.

Spencer, Rogers & Lewis, of San Antonio, for appellee.

COBBS, J.

Upon a trial of this case in the county court and also in the district court, judgment was rendered in favor of appellee, Miss Alberta Huey, administratrix, permitting her to withdraw the property in controversy from the administration of the probate court, and declaring the property the homestead of appellee, and denying appellant any relief in which she sought to have the property sold to satisfy a judgment which she had recovered in the Fifty-Seventh district court of Bexar county, against the estate of W. A. McArthur, deceased, in the sum of $10,000.

The facts of the case briefly are these: Mrs. L. Warner, guardian of the estate of Evelyn Wilson, a minor, appellant, recovered a judgment in the Fifty-Seventh district court, Bexar county, Tex., against Alberta Huey, administratrix of the estate of W. A. McArthur, deceased, in the sum of $10,000 and said judgment was certified to the county court for observance and enforcement; and thereafter appellee filed her application to have the property in controversy declared her homestead, and sought to withdraw same from administration; and thereafter appellant filed her contest to said application and sought to have the property in controversy sold to satisfy her judgment, the property being an undivided one-half interest in lot 12, block 1, new city block 3021, at 1319 Broadway, in the city of San Antonio, Bexar county, Tex., the results in each of the trial courts being as hereinbefore stated.

The question involved is whether or not Alberta Huey, the unmarried stepdaughter of the deceased, W. A. McArthur, is entitled to have the interest of W. A. McArthur, deceased, in the property in controversy set aside to her as a homestead and withdrawn from the administration, and if she is not entitled to such relief, then, as a matter of course, appellant will be entitled to have her judgment claim enforced in the manner provided by law and the interest of W. A. McArthur, deceased, in the property in controversy sold and the claim paid, in so far as the funds will permit.

Both parties have elaborately briefed their case and cite many authorities on the subject. The question seems, indeed, to be a very simple one.

The statute controlling the question is article 3485, Revised Civil Statutes of the state of Texas for 1925, as follows:

"Art. 3485. [3413] [2046] [1993]

"*Court to Set Apart Exempt Property*—At the first term of the court after an inventory, appraisement and list of claims have been returned, the court shall by an order entered upon the minutes, set apart for the use and benefit of the widow and minor children and unmarried daughters remaining with the family of the deceased, all such property of the estate as may be exempt from execution or forced sale by the constitution and laws of the State with the exception of any exemption of one year's supply of provisions. [Acts 1876, p. 106; G. L., Vol. 8, p. 942]."

There is nothing in this statute that entitles an unmarried stepdaughter, not of blood relationship, to partake of the estate in her own right, unless she was one who was an heir at law. This is very simple. She was not related by blood at all and that part of the statute which said "set apart for the use and benefit of the widow and minor children and unmarried daughters" excludes such as were not heirs by adoption or otherwise. An heir takes his homestead right by virtue of the law and the Constitution. Appellee was not an heir and had never been legally adopted as a child or as an heir. Roots v. Robertson, 93 Tex. 365, 55 S. W. 308. A grandchild who had been raised and lived with the family was not a child. Ross v. Martin et al., 104 Tex. 558, 140 S. W. 432, 141 S. W. 518; Wilkins v. Briggs et al., 48 Tex. Civ. App. 596, 107 S. W. 135.

The undisputed testimony shows that the property in controversy was the entire estate of W. A. McArthur, deceased, and, no defense having been presented to the enforcement of the claim of appellant, appellant was entitled to have her debt paid.

The heir does not inherit any homestead right, but takes whatever homestead right he acquired by virtue of the article in question under the law and the Constitution. Roots v. Robertson, supra; Ross v. Martin, supra.

This property in question is the property of her stepfather. It was his half of the community estate. Alberta has her mother's interest, and may dispose of it as she desires, but she has no interest, right, or title in and to her stepfather's estate.

We believe the court erred in its judgment, and it is accordingly reversed, and judgment is here rendered in favor of appellant.