## WICKER v. ROWNTREE.

No. 5667.

Court of Civil Appeals of Texas. Amarillo.
Jan. 22, 1945.

Rehearing Denied Jan. 29, 1945.

W. F. Nix, of Amarillo, for appellant.

Simpson, Clayton & Fullingim, of Amarillo, for appellee.

HEARE, Justice.

This is an appeal from an interlocutory decree of the trial court refusing to grant the appellant a temporary writ of injunction and granting to the appellee, Jimmie Rowntree, a temporary writ of injunction, as will be hereafter more fully explained.

The parties will be designated as in the trial court. The plaintiff, J. C. Wicker, is the surviving husband of Magnola Allen Wicker, who died testate in Potter County, Texas, September 29, 1944. The defendants, Jimmie Rowntree, whose husband is the defendant, H. E. Rowntree and Juanita Whitted Long Pre, a feme sole, are the daughters of Magnola Allen Wicker by a previous marriage. Magnola Allen Wicker was married to the plaintiff, J. C. Wicker, May 4, 1943. On April 20, 1943, Mrs. Wicker, then named Mrs. Magnola Allen, executed a will whereby she first directed that her debts be paid as soon as possible after her death and that after the payment of such debts her property, both real and personal, should pass to her two daughters, share and share alike. She further provided that in the event she should remarry and if married and living with a husband at the time of her death, such husband should share equally with the two daughters in the division of the estate, that is, the estate should pass to the three, share and share alike. She appointed her two daughters as independent executrices of her will. At the time of her death the testatrix owned as her separate estate a residence located at 1610 Hayden Street in Amarillo, Texas, which she and her husband were occupying as a homestead. A part of the residence was, at least temporarily, being rented as apartments and there were some small rented apartments in the garage improvements on the back of the lot. Mrs. Wicker also owned some furniture and personal effects which were being used in connection with the apartment where she resided and the apartments that were being rented. Upon the death of the testatrix her will was offered for probate in the County Court of Potter County by the defendant, Jimmie Rowntree, and the defendant, Juanita Whitted Long Pre, filed with the court a refusal to act as joint independent executrix of the estate and renounced such right in favor of her sister, Jimmie Rowntree. The plaintiff filed with the probate court what he designated as "his motion and joinder of the application of Jimmie Rowntree for the probate of the last will and testament of Magnola Allen, deceased." In this instrument he averred that he and the testatrix were lawfully married and were living together as husband and wife at the time of her death and that, therefore, he was interested in the estate. He further averred that Juanita Whitted was a nonresident of the State and had refused to accept letters testamentary, and prayed that Jimmie Rowntree, if nominated and appointed by the court as executrix, be required to give good and sufficient bond. The concluding prayer is as follows: "Wherefore, your joint applicant, J. C. Wicker, respectfully prays that said Will be admitted to probate and in all things as in said Will directed and that Jimmie Rowntree be appointed Executrix with good and sufficient bond payable to this Court for her faithful performance of her duties as such executrix."

The court admitted the will to probate, appointed Jimmie Rowntree as sole executrix and required a bond of her in the sum of one thousand dollars. She qualified by taking the oath and posting the bond. The oath was filed November 6, 1944, and the bond, though shown to have been approved November 1, 1944, was apparently not filed for record until November 22, 1944. On November 16, 1944, the plaintiff instituted this suit in the District Court of Potter County, complaining of the three named defendants and, by first count, alleged a trespass to try title action involving the homestead above described, located at 1610 Hayden Street, and alleged that he was the owner of an undivided one-third interest in fee in said property, and in addition to said fee interest he was entitled to hold a homestead interest in all of said property as the surviving spouse. He alleged ouster and unlawful collection of rents by the defendants. He claimed the one-third interest

in the fee of the land by virtue of the will of his deceased wife and claimed the homestead right by virtue of being her surviving husband at the time of her death.

By second count in the petition, the plaintiff again alleged his homestead rights in the property and his right of exclusive possession thereto and his right to occupy and control the same and rent portions thereof and collect the rents and revenues therefrom. He alleged that the furniture and furnishings of the apartment were each and all part of the homestead property belonging to the plaintiff and, charged with a homestead life estate in his favor and that they were being taken away by the defendants. He sought a restraining order to prevent any interference with his occupancy of the home, including the furnishings theerof and the furnishings of the apartments.

The defendants answered with a plea of not guilty and general denial. They admitted that the real estate involved is urban property consisting of one tract upon which there is situated a nine-room house, subdivided into separate apartments or dwelling spaces, and that there is situated on the rear of the lot a small three-room house, together with a one-car garage in which there are incorporated two small living rooms and that each of said units is occupied by tenants. It was admitted that the testatrix occupied one of the apartments in the house as her home; that the property was her separate estate; and that she was married to the plaintiff and thereafter they occupied an apartment in the house as their home. The fact of the will and the plaintiff's ownership of an undivided one-third interest in the fee of the real estate and an undivided one-third interest in the personal property, all by virtue of the will, were admitted. Defendants further alleged that plaintiff had elected to take under the will and that the defendant, Jimmie Rowntree, as duly appointed and acting executrix of the estate of the testatrix, was entitled to take possession of, manage, and control the property composing the estate of the testatrix, and to sell as much thereof as was necessary to realize sufficient funds to pay indebtedness due and owing by the estate of the testatrix at the time of her death and also the funeral and burial expenses. The defendants, by affirmative action, sought a partition of the estate, and the defendant, Jimmie Rowntree, sought a restraining order to prevent the plaintiff from interfering with her in the exercise of her duties as independent executrix under the will.

Upon a hearing of the injunction matters before the court, the temporary injunction sought by the plaintiff was denied, and the temporary injunction sought by the defendant, Jimmie Rowntree, was granted to the extent that the plaintiff was restrained from taking, exercising, or assuming control over any property of the estate of the testatrix, whether real, personal, or mixed, other than the apartment and furniture therein now used and occupied by the plaintiff, all subject to further orders of the court.

It is the contention of the appealing plaintiff that he is entitled to enjoy the homestead rights vouchsafed to him by Article XVI, Section 52, of the Constitution, Vernon's Ann.St., free from any interference by the executrix in his possession and enjoyment of the same and that in addition thereto he is entitled to share in the estate of the testatrix as a beneficiary under the terms of her last will and testament. The appellee contends that plaintiff was put to an election as to which rights he would choose to enjoy and that he has elected to take under the will and has therefore waived his homestead rights.

The first question which we shall determine is whether the plaintiff was put to an election either to renounce his rights under the will and enjoy his homestead right, or to renounce his homestead rights and share in the estate under the terms of the will. We are of the opinion that such an election by him would be necessary. It is the well-settled law that the surviving spouse may enjoy a homestead right upon property which is part of the separate estate of the decedent. Lindsley v. Lindsley, 139 Tex. 512, 163 S.W.2d 633; Thomas v. Tyler, Tex.Com.App., 6 S.W.2d 350. Nor can a deceased spouse, through the medium of a will, deprive the surviving spouse of the use and occupancy of the homestead. Lindsley v. Lindsley, supra; Hall v. Fields, 81 Tex. 553, 17 S.W. 82. This homestead right is not inherited by the surviving spouse but is acquired by virtue of Article XVI, Section 52, of the Constitution. Roots v. Robertson, 93 Tex. 365, 55 S.W. 308; Warner v. Huey, Tex.Civ.App., 29 S.W.2d 452. The provisions of this section of the Constitution, in so far as they apply to the surviving husband, are restated in Article 3501, R.C.S. 1925.

■ Inasmuch as the will did not expressly require an election, then in order for the plaintiff to be put to an election, it must be determined by "manifest implication" that it was the intention to exclude him from the enjoyment of the homestead rights. In other words, there must be such an inconsistency between the homestead rights as created by the Constitution and the property rights as created by the will that the enjoyment of one by the plaintiff will preclude the enjoyment of the other. We are of the opinion that the enjoyment by the plaintiff of the homestead rights in the real property involved would disappoint some of the terms of the will and, therefore, an election would be required.

"Election is the obligation imposed upon a party to choose between two inconsistent or alternative rights or claims in cases where there is a clear intention of the person from whom he derives one that he should not enjoy both, the principle being that one shall not take any beneficial interest under a will, and at the same time set up any right or claim of his own, even if legal and well founded, which would defeat or in any way prevent the full effect and operation of every part of the will." 69 C.J. 1089, Section 2330.

The foregoing language was quoted with approval by the Supreme Court in Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620. See, also, Philleo v. Holliday, 24 Tex. 38.

■■ By the terms of the will in the instant case the plaintiff and the two daughters were each granted an undivided one-third interest in the estate of the testatrix. In the absence of restrictive language, this must be construed to be a fee-simple interest. Article 1291, R.C.S. 1925; Frame v. Whitaker, 120 Tex. 53, 36 S.W.2d 149; City of Stamford v. King, Tex.Civ.App., 144 S.W.2d 923, error refused. It would be manifestly impossible for each of the two daughters to enjoy a fee-simple interest in her one third of the real estate, together with all the rights appertaining thereto, and for the plaintiff at the same time to enjoy a homestead, with the exclusive right to use and occupy the entire estate as a homestead throughout his life should he choose.

It is argued that the plaintiff can enjoy his homestead right in the entire tract and at the same time enjoy a fee-simple title to a one-third interest therein granted to him by the will. But such is not the test. As shown by the foregoing quotation and au-thorities cited, his claim must not defeat or in any way prevent the full effect and operation of every part of the will. A quite similar state of facts was involved in the recent and leading authority, Lindsley v. Lindsley, 139 Tex. 512, 163 S.W.2d 633, above referred to. In that case the property, both real and personal, was the separate estate of the husband and by his will he gave to his surviving wife fifty books out of the family library, a residence, twenty acres, and some cash benefits. He provided that the remainder of his library should be given to such donee as his trustee, named in the will, should designate, and provision was made for financial assistance in the carrying out of this bequest. The wife insisted that she was not put to an election but that she should have her homestead right in two hundred acres, which were part of her husband's separate estate and which were being used as their homestead at the time of his death; that there should be set aside to her all of the exempt property provided by law for a widow; and that she should receive the additional bounties granted to her by the will. The entire family library was part of the exempt property which she claimed. The will granted the trustee the power to operate, rent, or lease at least part of the two hundred acres involved. The Court, in holding that she was put to an election, pointed out that it would disappoint the will with respect to the remainder of the library if she were permitted to receive all of the exempt personalty, and that other provisions of the will, such as the power of the trustee to handle the homestead acres, would likewise be curtailed by the homestead rights which she claimed.

The contention made by the plaintiff that he should not be put to an election under the will of the testatrix is therefore overruled.

■■ We are of the opinion that the court properly refused the writ of injunction sought by the plaintiff, whether the plaintiff had, up to the time of the hearing, actually made an election under the will or not. There are outstanding debts against the estate of the testatrix. While our law (Article 3485) provides that upon the death of a husband all of the exempt property of the estate shall be set aside for the use of the widow and minor children, there is no such provision in favor of a surviving husband. His right is only to the homestead and does not include any per-

154

sonal property not owned by him. Whiteman v. Burkey, Tex.Civ.App., 286 S.W. 350. The personal property of the testatrix in the instant case was therefore subject to her debts. This included a considerable amount of furniture and furnishings used in the rental apartments. The plaintiff joined in an application to the probate court of Potter County for the will to be admitted to probate and for the defendant, Jimmie Rowntree, to be appointed as executrix for the purpose of carrying out the terms of the will. One of her duties as executrix was to pay outstanding debts, including funeral and burial expenses. For this purpose she was entitled to the possession of all of the personal effects of the testatrix. The plaintiff had no claim to any of those personal effects except by virtue of the will, and such a claim was subject to the right of the executrix to pay the debts and complete the administration on the estate. Moreover, the plaintiff, having affirmatively sought the aid of the probate court for the administration of the estate of his deceased wife under her will, cannot now be heard to say that the executrix whom he requested the court to appoint shall be denied the right to exercise her powers as such executrix. Nor has he any right to interfere with her in the exercise of such powers. It follows, therefore, that, regardless of whether he has, in fact, up to this time made an election with respect to his right, he was not entitled to the relief sought at the hands of the trial court, and the executrix was entitled to the relief which the trial court granted to her. As stated, the plaintiff has not been denied the use and enjoyment of the apartment in which he dwells. This is merely an interlocutory decree. All of the rights between the parties can be adjusted on final decree.

We are expressing no opinion on the issue of whether the plaintiff has, in fact, made an election. Although the trial court made a finding that the plaintiff had elected to take under the will, such a finding was not necessary to warrant the interlocutory decree, and we are neither affirming that finding nor precluding the trial court from otherwise determining the issue in a trial of the case on its merits, should it be found proper to do so, in the light of such authorities as Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620; Dunn v. Vinyard, Tex.Com. App., 251 S.W. 1043, and other authorities of like import.

For the reasons stated, the judgment is affirmed.