**WILSON et al. v. FUSTON et al.**

No. 5685.

Court of Civil Appeals of Texas. Amarillo.

Sept. 17, 1945.

Rehearing Denied Oct. 22, 1945.

C. W. Norrid, of Matador, and C. Land, of Memphis, for appellants.

George J. Jennings, of Tulia, and Sam J. Hamilton, of Memphis, for appellees.

PITTS, Chief Justice.

Ella G. Wilson, joined by her husband, F. W. Wilson, filed suit for herself and as next friend for her two minor children against Seth Fuston for the cancellation of a deed, restoration of a homestead, partition of certain property, and for a money judgment for the value of certain property alleged to have been converted by Seth Fuston.

The parties will be referred to here as plaintiffs and defendant as they were in the trial court.

The record discloses that Ella G. Wilson was formerly married in 1941 to R. R. Fuston; that Frances Marie Fuston and Paul Wilson Fuston were born to the marriage; that on July 9, 1943, R. R. Fuston died intestate and some time thereafter (the record does not disclose the date) Ella G. Fuston married F. W. Wilson; that no administration was had on the estate of R. R. Fuston, deceased; that during the life of R. R. Fuston he owned as his separate property 800 acres of land in two tracts of 640 acres and 160 acres, respectively, located in Hall County, Texas; that the family occupied the 160-acre tract as a homestead; that on February 17, 1943, R. R. Fuston, joined by his then wife, who is now plaintiff, Ella G. Wilson, executed a deed purporting to convey both tracts of land to defendant, Seth Fuston, who was the son of R. R. Fuston by a former marriage; that the deed was recorded in Hall County, Texas, on July 13, 1943; that R. R. Fuston and his family continued to occupy the 160-acre tract as a homestead; that subsequent to the death of R. R. Fuston, his surviving wife and two minor children continued to occupy the 160 acres as a homestead; that in September, 1943, they left the homestead temporarily due to the illness of one of the children and returned the following month to find defendant, Seth Fuston, occupying the premises and he had stored the furniture of the plaintiffs on the premises and that defendant told plaintiffs that he had taken charge of the place and told Ella G. Fuston Wilson to leave and not return.

Plaintiffs make no claim to the 640 acres of land but admitted it was then in the hands of an innocent purchaser. They do seek to show that Ella G. Fuston signed the deed in question because of duress and that she did not willingly and voluntarily sign the deed conveying the land, and particularly the homestead. Plaintiff likewise attacked the legality of the certificate of the acknowledgment of Ella G. Fuston to the deed in question and further alleged that they were ousted from their home in October, 1943, by defendant, who also converted to his own use and benefit their household furniture of the value of $408.-20. They further alleged that 100 acres of the 160-acre tract of land was in cultivation and that defendant had harvested the crops from the farm for 1943 and 1944 and that he also converted to his own use and benefit a $600 bank account, certain livestock, and the proceeds from the sale of the 640-acre tract of land, in all of which property plaintiffs had an interest. Plaintiffs pray for a cancellation of the deed in so far as it attempted to convey the 160-acre homestead, a restoration of their homestead, partition of the property, rental values for the use of the farm, and for a money judgment for the value of the property converted.

Seth Fuston answered with a general denial; that his father, R. R. Fuston, joined by his wife, Ella G. Fuston, deeded the land in question to him in good faith subject to his assuming the outstanding indebtedness against it and for a consideration in part that he, Seth Fuston, would look after, support and provide for the said R. R. Fuston and his family during the lifetime of the said R. R. Fuston; that he performed such duties and fulfilled the obligations as a consideration; that plaintiff, Ella G. Wilson, knowingly and willingly accepted the support and maintenance of Seth Fuston until the death of R. R. Fuston and should, therefore, be estopped from attacking the deed of conveyance.

The case went to trial upon plaintiffs' fourth amended original petition, which named Seth Fuston only as a defendant and sought relief against him only. However, we find in the transcript a pleading filed in the trial court by the First National Bank of Quitaque, Texas, answering as a defendant in the cause, adopting the answer of the defendant, Seth Fuston, and further alleging the execution by Seth Fuston of a note for $2,775 of date October 18, 1943, payable to the said bank, and secured by a deed of trust and lien upon the 160 acres of land in question executed by Seth Fuston and his wife, for all of which the said bank had previously advanced to Seth Fuston the sum of $2,775 to pay off and discharge the indebtedness against the 160 acres, which indebtedness Seth Fuston had assumed when the said land was deeded to him on February 17, 1943, by R. R. Fuston and his wife, Ella G. Fuston, who is now a plaintiff herein, and that the said bank also held a mechanic's and materialman's lien against the said 160 acres executed by Seth Fuston of date October 22, 1943, for money advanced by the bank to pay for improvements costing $400 placed on the said land; that the said bank had

no actual or constructive notice of the alleged infirmities of the deed of date February 17, 1943, prior to the advancement of the funds and was, therefore, an innocent lienholder for values recited. The bank prayed for judgment for superior liens to any claims of plaintiffs to the land in question.

Plaintiffs denied the claims of the bank in a pleading filed in the form of a supplemental petition and have acknowledged the said bank as a proper defendant in their brief filed in this court. The trial court treated the bank as a proper defendant and we shall consider them as such.

The case was tried by the court without a jury on March 16, 1945, and it found the deed executed by R. R. Fuston and wife, Ella G. Fuston, conveying to Seth Fuston the 160 acres of land was a valid conveyance with lawful acknowledgments; that the bank's liens were valid and, therefore, superior to any claims of plaintiffs against the 160 acres; that Seth Fuston was not guilty of any conversion but that plaintiffs were entitled to all household goods in question, Seth Fuston having disclaimed in open court any interest in them. Judgment was rendered accordingly with no relief granted plaintiffs against the bank and all costs of suit adjudged against Seth Fuston, from which judgment plaintiffs perfected an appeal to this court.

Plaintiffs complain, in effect, that the trial court erred in refusing to admit the testimony of Ella G. Wilson concerning the threats made against her by her former husband, R. R. Fuston, which threats they alleged compelled her through fear to sign the deed in question on February 17, 1943; that it erred in finding that the deed was valid and conveyed good title to the 160 acre homestead of Ella G. Wilson and her two minor children; that it erred in finding that plaintiffs' household goods were not converted by Seth Fuston, and in refusing to award plaintiffs a money judgment for the value of said household goods, and that it erred in finding the mechanic's and materialman's lien for $400 against the 160 acres of land held by the defendant bank valid, and in rendering judgment in accordance with such findings.

The case was not reported by a court reporter in the trial court but a statement of facts was filed in this court by agreement of the parties. The agreed statement of the oral testimony of the witnesses is very brief and in some instances apparently meager and indefinite.

At the request of plaintiffs, the trial court filed findings of fact and conclusions of law and its findings are consistent with its judgment. Plaintiffs requested further findings by the trial court consistent with their claims and points of error, which request the trial court refused.

■■ The deed in question and the deed of trust, chattel mortgage and the mechanic's lien to the bank were all in evidence and no evidence offered to refute the validity of the deed of trust, chattel mortgage or mechanic's and materialman's lien or the claim of the bank that it was an innocent lienholder. No evidence of probative force was offered to show Seth Fuston had converted to his own use and benefit plaintiffs' household goods, but Seth Fuston did disclaim in open court any interest in the same. We therefore overrule plaintiffs' points of error complaining about the trial court's judgment holding valid the mechanic's and materialman's liens held by the bank and the awarding to plaintiffs the household goods in question rather than a money judgment for the conversion of the same by Seth Fuston.

■ Plaintiffs contend the deed of conveyance of the 160-acre homestead was not properly acknowledged and sealed before a notary but the trial court heard evidence on the controverted issue and found against plaintiffs on the issue. There is ample evidence to support the findings of the trial court on the issue and both plaintiffs and this court are therefore bound by the findings of the trial court. Postal Mutual Indemnity Co. v. Greene et al., Tex.Civ.App., 180 S.W.2d 220; Holden v. Boynton et al., Tex.Civ.App., 170 S.W.2d 323, and other authorities there cited.

But plaintiffs complain further that the deed in question is not valid and does not convey the homestead of plaintiffs because it was not voluntarily and willingly signed by Ella G. Fuston, wife of R. R. Fuston, on February 17, 1943, but, on the contrary, plaintiffs contend that the 160-acre tract of land was their homestead at the time, and prior to, and subsequent to the signing of the deed until they were ousted by the defendant, Seth Fuston, and that plaintiff, Ella G. Wilson, signed the deed only through fear of death or bodily injury as hereinbefore stated. Plaintiffs contend that

Ella G. Wilson brought the suit in her own right and as next friend to her two minor children to cancel the deed in so far as it purports to convey their homestead and recover the homestead and that the trial court erred in refusing to admit her testimony concerning the threats made against her by her then husband, R. R. Fuston, in the presence and hearing of defendant, Seth Fuston, and plaintiffs have presented a bill of exception in the record, approved by the trial court, setting forth the evidence offered, the objections made by the defendants, and the action of the trial court excluding the evidence.

Defendants claim, as they did before the trial court, that Ella G. Wilson brought the suit as an heir of R. R. Fuston, deceased, against Seth Fuston, another heir of R. R. Fuston, deceased, and that the testimony in question offered to relate purported conversations and transactions with the deceased concerning his separate property and that the admission of such testimony is prohibited in such cases by article 3716, Revised Civil Statutes, known as "the dead man's statute."

A careful analysis of the record reveals that plaintiffs filed the suit in a dual capacity; that is, asserting a homestead right under the law and Constitution, as well as for partition of the property as heirs of the deceased, but confined their testimony, as we construe it, to the issue of homestead rights alone and other issues hereinbefore disposed of and not to the question of partition of the property of deceased. The testimony is brief. Ella G. Wilson testified, in effect, that she brought the suit for herself and as next friend for the two minor children; that she was married to R. R. Fuston in 1941 and lived with him on the 160 acres as a homestead until his death, intestate, in Hall County, Texas, on July 9, 1943; that Frances Marie Fuston and Paul Wilson Fuston were born to the marriage; that the lands involved in the suit were the separate property of the deceased; that no administration was had on the estate of deceased; that defendant, Seth Fuston, was a son of deceased by a former marriage; that R. R. Fuston was addicted to strong drink and often got drunk; that deceased was paralyzed from his hips down for more than a year prior to his death and could not walk; that on February 17, 1943, defendant, Seth Fuston, came to their house and told them the deed to the land and other papers had come into Turkey, Texas; that she told the defendant she would not sign the deed to her home; that on the same day she, her husband, R. R. Fuston, and defendant, Seth Fuston, went to Turkey and she and her husband signed the deed; that she signed the deed through fear of bodily injury; that at the time she signed the deed she was living on the 160 acres of land and claiming it as her homestead; that she continued to live on the said land after the death of her husband until September, when she left temporarily due to the illness of one of the children and returned in October, 1943, to find defendant, Seth Fuston, in possession of her home and he said he had moved in and taken possession and for her to leave and not return.

Witness, P. E. King, testified that he was the father of Ella G. Wilson and was acquainted with R. R. Fuston during his lifetime and that a short time prior to February 17, 1943, R. R. Fuston and wife were visiting in his home and he heard R. R. Fuston tell Ella G. Fuston after she had said she would not sign the deeds that unless she signed them he would kill her and the two children but he did not know what deeds R. R. Fuston had reference to.

The above, together with the deed of conveyance, is all the evidence in the record concerning the issues above referred to about the land transaction and none of it was denied. Defendant, Seth Fuston, did not testify.

Plaintiffs' bill of exception No. 1 reveals that while witness, Ella G. Wilson, was being examined she was asked: "Why did you sign this deed on February 17, 1943, conveying the land to Seth Fuston?" To which question she answered: "I signed the deed conveying the 160 acres of land to Seth Fuston on February 17, 1943 because R. R. Fuston, in the presence and hearing of Seth Fuston, defendant, told me just a few hours prior to the signing of the deed, that unless I signed the deed he would blow me into so many pieces that they would not be able to put me together, and I signed the deed through fear of my husband that he would carry out his threat to kill me if I refused to sign the deed."

Defendants objected to the foregoing testimony because R. R. Fuston was then dead and "because it affects property involved in this suit and to admit the testimony of the witness on this point would violate the terms of Article 3716 of the Revised Civil Statutes of Texas." The trial court sus-

tained the objection and approved the bill of exception.

■ Article 3716 does not preclude the testimony concerning conversations and transactions had with the deceased about property and rights of surviving parties under any and all circumstances but only "in actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such," and the "article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent." The rule applies in actions when and where a judgment will operate for or against an individual in the capacity of an heir but the rule does not apply in actions brought in individual capacity and in the own rights of individuals. Hartman et al. v. Costales et ux., Tex.Civ.App., 145 S. W.2d 603; and Spencer et al. v. Schell et al., 107 Tex. 44, 173 S.W. 867, and authorities there cited.

■ It is the well-settled law that the surviving spouse may enjoy a homestead right upon property which is the separate estate of the deceased. Article 3498, R.C. S.; Wicker v. Rountree, Tex.Civ.App., 185 S.W.2d 150; Lindsley v. Lindsley, 139 Tex. 512, 163 S.W.2d 633; Thomas et al. v. Tyler et al., Tex.Com.App., 6 S.W.2d 350. Such a homestead right is not inherited by the surviving spouse but is acquired by virtue of Article XVI, Sec. 52, of the Constitution, Vernon's Ann.St. Wicker v. Rountree, supra; Warner v. Huey, 124 Tex. 252, 29 S.W.2d 452; and Roots v. Robertson et al., 93 Tex. 365, 55 S.W. 308.

Article XVI, Sec. 52 of the Constitution, and article 3496, R.C.S., provide that a homestead shall not be partitioned among the heirs of the deceased during the lifetime of the widow or so long as she may elect to use or occupy it as a homestead.

■ We believe plaintiffs elected to stand on their rights as individuals and to try to recover against Seth Fuston as an individual their homestead rights by the cancellation of the deed in question, which they contend was not voluntarily signed by plaintiff, Ella G. Wilson, but was signed through fear because of threats made against her by her husband, R. R. Fuston. We likewise believe the testimony offered by the witness, Ella G. Wilson, concerning such threats was admissible for the purposes offered and did not violate the pro-

visions of article 3716, R.C.S. Therefore, we think it was a reversible error as to such issue for the trial court to exclude such evidence and we sustain plaintiffs' point of error complaining about the exclusion of such evidence by the trial court.

We therefore affirm the judgment of the trial court on all issues save and except the issue of cancellation of the deed as to the 160 acres of land in question and the recovery by plaintiffs of their homestead rights, but that part of the judgment attempting to dispose of this issue is reversed and remanded for a new trial consistent with the rules hereinabove set out.

Affirmed in part and reversed and remanded in part.