# MARCH, 1946

SETH FUSTON V. ELLA G. WILSON ET AL.

No. A-740. Decided February 6, 1946.
Rehearing overruled March 6, 1946.
(192 S. W. 2d Series, 444.)

*Sam J. Hamilton,* of Memphis, *Geo. J. Jennings,* of Tulsa, Okla., for petitioner.

Since plaintiff, Ella G. Wilson, sued in the capacity as an heir to her deceased husband, R. R. Fuston, as well as next friend to her two minor children and as an individual for her homestead; and, since the suit was not for the recovery of distinct and severable interests, her evidence, that she signed the deed to the 160 acres through duress or fear of her husband, was inadmissible under Article 3716, R. S. Colvard v. Goodwin, 24 S. W. (2d) 786; Hartman v. Costales, 145 S. W. (2d) 603; Spencer v. Schell, 107 Texas 44, 173 S. W. 867.

*C. W. Norrid,* of Matador, and *C. Land,* of Memphis, for respondent.

The Court of Civil Appeals correctly held that the testimony offered by Mrs. Wilson that she signed the deed under duress was admissible. King v. Morris, 1 S. W. (2d) 605; Pure Oil Co. v. Pope, 75 S. W. (2d) 175; National Life & Acc. Ins. Co. v. Robledo, 93 S. W. (2d) 1198.

MR. JUSTICE HICKMAN delivered the opinion of the Court.

We agree with the holding of the Court of Civil Appeals on all questions before it for decision in this case, except its holding that the trial court erred in excluding certain proffered testimony which determines the character of judgment to be rendered here, and our statement will be confined to those facts reflected by the record which are thought to be relevant thereto.

Mrs. Ella G. Wilson, while she was a feme sole and the sur-

viving wife of R. R. Fuston, deceased, filed this suit for herself and as next friend for her two minor children against Seth Fuston, son of R. R. Fuston by a former marriage. Before the case was tried she married F. W. Wilson and he joined her in the suit. The principal relief sought was the cancellation of a deed executed by plaintiff and her then husband, R. R. Fuston, conveying to Seth Fuston 160 acres of land in Hall County. The trial court rendered judgment in favor of the defendant, Seth Fuston, upholding the validity of the deed, but its judgment was reversed in part by the Court of Civil Appeals and the cause remanded to the trial court for a retrial of one issue. The sole ground upon which the case was reversed was that the trial court erred in excluding certain testimony of Mrs. Wilson concerning a threat made to her by R. R. Fuston, her then husband, which caused her, against her will, to join him in the deed. 189 S. W. (2d) 769.

R. R. Fuston died intestate in 1943. No administration was had on his estate. Surviving him were his wife, now Mrs. Wilson, two minor children by his marriage to her, and one son, Seth Fuston, by a former marriage. A few months before his death, R. R. Fuston, joined by his wife, plaintiff herein, executed a deed conveying to Seth Fuston two tracts of land, the separate property of R. R. Fuston, one of the tracts containing 160 acres, and being the homestead of the family. In this suit plaintiff makes no claim of right to a cancellation of the deed in so far as it conveyed the other tract, but seeks to cancel it only in so far as it conveyed the homestead tract. In the course of her examination as a witness in her own behalf, plaintiff was asked by her attorney why she had signed the deed in question. In answer to the question she began a recital of what her husband had told her a short time before she executed it. Objection was made by opposing counsel to her testifying to any statements made to her by her husband concerning this matter on the ground that he was dead and to admit such testimony would be violative of the terms of Article 3716, R. C. S. The objection was sustained. The bill of exceptions preserving this ruling of the court recites that, had she been permitted to do so, she would have answered that she signed the deed because R. R. Fuston, her then husband, in the presence and hearing of Seth Fuston, defendant, told her just a few hours before she signed the deed that unless she signed it he would kill her, and that she signed it through fear that he would carry out his threat if she refused to do so.

Article 3716, in so far as relevant to the question here presented, provides that, in actions by or against the heirs of a

decedent in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the other as to any transaction with, or statement by, the decedent, unless called to testify thereto by the opposite party. The proffered testimony of Mrs. Wilson falls squarely within the inhibition of this Article, if this is an action by her as an heir of her deceased husband, R. R. Fuston. It seems clear that it is such an action. In the petition on which she went to trial she sued for herself and as next friend for her minor children, alleging that she and the three children of R. R. Fuston, deceased, were his only heirs at law, that she was entitled to a life estate and a homestead in the 160-acre tract of land upon the cancellation of the deed, and that the three children each owned one-third of said land subject to her life estate and homestead rights. A part of the relief prayed for was, "* * * that plaintiff, Ella G. Wilson, have judgment for life estate in one-third thereof as provided by law, and that plaintiffs have judgment for partition of said lands * * *."

As stated in Spencer v. Schell, 107 Texas 44, 173 S. W. 867, in determining whether Article 3716 is applicable in a given case the test and inquiry is, "May such a judgment be rendered as will operate for or against him in the capacity of an heir?" Under that test this case falls well within the statute. The only judgment which could have been rendered granting to Mrs. Wilson any relief would have operated in her favor in the capacity of an heir. If she had no cause of action for the cancellation of the deed, she had none at all, and no judgment could have been rendered granting her any relief. But if she had such cause of action and if judgment had been rendered cancelling the deed, the effect thereof would have been to vest in her, as an heir under the statutes of descent and distribution, (Article 2571, R. C. S.), a life estate in one-third of this land. Such judgment necessarily would have operated in her favor as an heir and also in favor of the two minor plaintiffs as heirs.

It is claimed that Mrs. Wilson filed this suit in a dual capacity, asserting homestead rights under the Constitution as well as rights as an heir, but that she confined her testimony to the issue of her homestead rights alone and offered no testimony with respect to her rights as an heir, and by so doing she abandoned same. We are unable to adopt that theory. Her right to a homestead could not attach so long as the deed remained in effect. A judgment cancelling the deed would operate to vest in her as an heir a life estate in one-third of the land and, subject thereto, a fee in one-third thereof in each child irrespective of whether she should occupy it as the home-

stead of herself and family. Her homestead rights are so blended with her rights and those of her children as heirs that it would be impossible to render a judgment establishing the former which would not also establish the latter. She has no separate and independent cause of action for a homestead right; that right is wholly dependent upon her right as an heir to procure a cancellation of the deed. We are unable to find any support in the record for the claim that she abandoned or intended to abandon her rights as an heir. She both pleaded and proved that she was the surviving wife of R. R. Fuston, that he died intestate, and that the land in suit was his separate property. She did not abandon that pleading or withdraw that proof. Had she done so, she would have forfeited her right to prosecute that suit further in her own right. Neither did she convey her interest as an heir to another. On the contrary she based her right to maintain the suit upon the ground that she owned an estate in the property. In our opinion the case cannot be brought out from under the restrictions of Article 3716 on the ground of abandonment.

■ It is argued that the statute, "* * * does not apply to threats to take life, and especially where the grantee in the deed was present and heard the threat * * *." To sustain that contention would be to ingraft additional provisions upon the statute and courts are not authorized to do that.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion delivered February 6, 1946.

Rehearing overruled March 6, 1946.