**Lillie V. MILLER et al., Appellants,**

v.

**Dorcas PIERCE et al., Appellees.**

No. 3744.

Court of Civil Appeals of Texas.

Eastland.

Oct. 12, 1962.

Rehearing Denied Nov. 2, 1962.

T. C. Wilkinson, Brownwood, for appellants.

Griffin, Griffin & Old, Woodruff & Woodruff, Brownwood, for appellees.

GRISSOM, Chief Justice.

Dorcas Pierce and others sued Lillie V. Miller, her husband and others to set aside two deeds executed by Mrs. M. A. Pierce, deceased, to one of her daughters, Lillie V. Miller, conveying all the land she owned.

It is a suit by the heirs of Mrs. M. A. Pierce, as such, against an heir, Mrs. Miller, who claims the land not as an heir but under said deeds. Mrs. M. A. Pierce died intestate. Plaintiffs sued to set aside the deeds on the grounds that when they were executed (1) Mrs. Pierce did not have the mental capacity to execute them and because (2) their execution was induced by the undue influence of the Millers. Based on a jury finding of undue influence, the court rendered judgment cancelling the deeds. The Millers have appealed.

Appellants' first point is that the court erred in refusing to permit Hon. Darrell Shelton, an attorney, to testify as to what was considered by the court to be confidential communications between attorney and client when the deeds were executed and delivered, including Mr. Shelton's opinion that Mrs. Pierce was then capable of understanding the nature and consequences of her acts. Since the jury found that Mrs. Pierce was capable of understanding the nature and consequences of her acts that portion will not be further considered because such exclusion does not appear to have been harmful. Part of his proffered testimony was excluded on the ground that it revealed confidential communications between attorney and client. Mr. Shelton would have testified that he explained the deeds to Mrs. Pierce, explained that she was giving her land to Mrs. Miller and that Mrs. Pierce said that was what she wanted to do; that Mrs. Pierce asked him if he had included the land that was her separate property and Mr. Shelton said he had and Mrs. Pierce said that she wanted it that way, and that he explained to Mrs. Pierce the legal steps essential to execution and delivery of deeds, and the like.

Appellants contend that the circumstances surrounding execution of the deeds do not indicate that the communications were made in confidence, that secrecy was desired, or that admission of the excluded testimony would have violated any confidence reposed in the attorney by Mrs. Pierce. Appellants say the deeds were placed of record; that

Shelton was merely acting as a notary in explaining the deeds and that her statements to the attorney show that she understood what she was doing; that the deeds carried out her wishes and that she acted freely and was not unduly influenced. The deeds were not recorded until after Mrs. Pierce died, about 6 years later. Mr. Shelton certainly gave her legal advice.

The court permitted the attorney to testify that he prepared the deeds; that he did not represent the Millers; that he held Mrs. Pierce's hand so that she could make her mark on the deeds and that he took her acknowledgment; that he was acquainted with Mrs. Pierce; that he was a notary; that the deeds were executed in a home where Mrs. Pierce was visiting; that present were Mrs. Pierce, the attorney and Mr. McCurdy, who signed as a witness and was evidently brought there by the attorney for that purpose; that the attorney signed Mrs. Pierce's name to the deeds in her presence, that he made her mark while Mrs. Pierce held the end of the pen and that Mr. McCurdy signed the deeds as a witness; that after execution of the deeds Mrs. Miller appeared and he saw the deeds in her possession.

■ The established rule is that an attorney cannot testify as to confidential communications made to him in his professional character by his client over the objection of the client, or his heirs. 58 Am.Jur. 259; 44 Tex.Jur. 1071. Art. 713 of the Texas Code of Criminal Procedure provides that "an attorney at law shall not disclose a communication made to him by his client during the existence of that relationship, nor disclose any other fact which came to the knowledge of such attorney by reason of such relationship." This is a statutory declaration of the common law rule of evidence. It applies to both civil and criminal cases. Cochran v. Cochran, Tex.Civ.App., 333 S.W.2d 635 (Ref. N.R.E.); Foster v. Buchele, Tex.Civ.App., 213 S.W.2d 738 (Ref. N.R.E.); 1 McCormick & Ray Texas Law of Evidence 400.

■ Appellants contend that, in addition to existence of the client-attorney relationship, the circumstances must disclose that the communications were made under circumstances indicating a confidential relationship. We think it does. The deeds were explained to Mrs. Pierce. She executed them while she was away from home, where she was visiting. Although her children were available, none of them was present. Mrs. Miller appeared immediately after their execution and Mrs. Pierce delivered them to her. Apparently no child, except Mrs. Miller, knew of their execution and did not learn thereof until after Mrs. Pierce's death, about 6 years later. Regardless of the motive, the circumstances indicate a well planned secrecy. In addition, Mr. and Mrs. Miller testified, in the absence of the jury, that the deeds were not placed of record until after the death of Mrs. Pierce because she so requested; that Mrs. Pierce told them not to record the deeds because she did not want the other children arguing with her about them. Mr. Shelton testified that he did not represent the Millers. The information requisite to writing the deeds was obtained from other deeds delivered to him by Mr. Miller. There is no evidence that Mrs. Pierce ever told anyone about the deeds. We conclude that the record shows that the excluded testimony would have revealed confidential communications between attorney and client. Gulf Production Co. v. Colquitt, Tex.Civ.App., 25 S.W.2d 989; Cochran v. Cochran, Tex. Civ.App., 333 S.W.2d 635, (Ref. N.R.E.); McGrede v. Rembert National Bank, Tex. Civ.App., 147 S.W.2d 580 (Dis.C.J.), 44 Tex.Jur. 1072; 97 C.J.S. Witnesses §§ 276, 290, pp. 782, 819

■ Appellants' second point is that the court erred in refusing to permit Mr. Miller to testify to the circumstances under which Mrs. Pierce came to live with them; that they cared for her; that her friends were free to visit her; that neither he nor his wife attempted to influence her to execute the deeds and that Mrs. Pierce was capable of understanding the nature of her

**626**

acts when she executed the deeds. Appellants ably argue that Article 3716 is not applicable because Mrs. Miller was claiming the land under deeds from her mother, not as her heir. The statute expressly extends to actions by or against heirs in which judgment may be rendered for or against them as such. Appellees sued as heirs. Any judgment rendered had to be rendered for or against them as heirs. Art. 3716 has been held applicable to an action to cancel a deed. Fuston v. Wilson, 144 Tex. 588, 192 S.W.2d 444; Whatley v. Whatley, Tex.Civ. App.; 169 S.W.2d 989, (Writ Ref.). Under different circumstances, for instance, if the deeds had shown that the conveyances were for the benefit of Mrs. Miller's separate estate; that the consideration was paid out of her separate estate, and the like, Mr. Miller's testimony might have been admissible. Lehmann v. Krahl, 155 Tex. 270, 285 S.W.2d 179. In the absence of such a situation, since the deeds were executed and delivered to Mrs. Miller during her marriage to Mr. Miller, and land is presumed to be community property. Mr. Miller, therefore, had a real interest in the issue to be decided. The action falls clearly within the statute. The admissibility of Mr. Miller's testimony is not affected by the fact that the Millers' claim to the land is based on the deeds. Potier v. Cook, Tex.Civ.App., 158 S.W.2d 582 (Ref. W.M.); Miller v. Miller, Tex.Civ.App., 285 S.W.2d 373; Chandler v. Welborn, 156 Tex. 312, 294 S.W.2d 801. The court did not err in excluding the testimony of Mr. Miller as to transactions with, or statements by, Mrs. Pierce. Another point presents the same contention with reference to the excluded testimony of Mrs. Miller. The stated rule applies to her testimony. The point is overruled.

■ Appellants contend the court erred in rendering judgment for appellees on the jury's finding that Mrs. Pierce was induced to execute the deeds by the undue influence of the Millers because such finding is not supported by the evidence. Although, as is usual in such cases, the evidence was circumstantial, under the authorities, it was ample to support the finding. Undue influence may be, and usually is, established by circumstantial evidence. The evidence raised a fact issue. There was evidence of probative force to support the verdict. If appellants raise the point that the finding of undue influence is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust, applying the rule announced by our Supreme Court in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, we are compelled to overrule the point. Long v. Long, 133 Tex. 96, 125 S.W.2d 1034, 1038; Griffin v. Camp, Tex.Civ.App., 272 S.W.2d 129, 132 (Ref. N.R.E.); Ellis v. Mathews, 19 Texas 390. The judgment is affirmed.