MAURICE J. LEHMANN ET AL V. ANTON KRAHL
AND STEVE KRAHL

No. A-5291. Decided November 30, 1955.
Rehearing overruled January 18, 1956.
(285 S.W. 2d Series 179)

*Davis, Clemens, Knight & Weiss* and *George H. Spencer,* for executor Lehmann and others, *Robert D. O'Callaghan,* for Salvation Army, *James L. Drought,* for Robert E. Lucey, Archbishop, *Dilworth & McKay,* for Good Shepherd Mission Home and the Methodist Home, *W. Pat Camp,* for Lutheran Welfare Society of Texas, *Walter Stout,* for Ralph and Irene Moss, all of San Antonio, and *Joe H. Reynolds, Bracewell & Tunks,* for Texas Baptist Children's Home, of Houston, for petitioners.

The Court of Civil Appeals erred in holding that proof of the will of deceased, Flora Krause failed to show her will was attested by two credible witnesses as required by Article 8283 of the revised statutes, because one of said witnesses was the

husband of a beneficiary under the will. Henry v. Phillips, 105 Texas 459, 151 S.W. 533; Walker v. Fields, 247 S.W. 272; Fowler v. Stagner, 55 Texas 393.

*Fuchs & Riedel, Schleyer & Bartram* and *J. H. Schleyer,* all of New Braunfels, for respondents.

Because a witness to testator's will is the husband of one of the beneficiaries under that will does not disqualify him from being a credible witness to the will. Davis v. Davis, 45 S.W. 2d 240; Graser v. Graser, 147 Texas 404, 215 S.W. 2d 867; Goodman v. Goodman, 236 S.W. 2d 641.

MR. JUSTICE GARWOOD delivered the opinion of the Court.

This is a will contest. The trial court judgment in favor of the proponents, Lehmann et al. (our petitioners here) was reversed and remanded by the San Antonio Court of Civil Appeals. 277 S.W. 2d 792. The stated grounds or theories of the reversal, which we must review, were: (a) that the will was invalid under Art. 8283, Vernon's Tex. Civ. Stats. Ann.[1] one of the two witnesses being not "credible," because he was at all relevant times the husband of a legatee, thus a necessary party to a contest of the will, thus a "party" under the so-called "Dead Man Statute" (Art. 3716)[2] and accordingly incompetent to testify in such a proceeding as to the execution of the will; (b) that certain jury argument of counsel for one of the several proponents was improper and prejudicial in its reference to the fact that the proponent Lehmann and sundry other parties were barred by Art. 3716 from testifying.

As to theory (a), no decision of this Court has yet sanctioned the final conclusion thereof, although we have sustained the premises from which it is said to follow. In decisions cited by the Court below, we have held that the husband of a legatee is a necessary party to the will contest by virtue of our statutes

[1]"Every last will and testament - - - - shall, if not wholly in the handwriting of the testator, be attested by *two or more credible* witnesses above the age of fourteen years, subscribing their names thereto in their own handwriting in the presence of the testator." (Emphasis supplied.)

[2]"In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

governing parties to suits involving the separate estate of the wife (Arts. 1983-5, Vernon's Tex. Civ. Stats. Ann.) and that, as such party, he is within the inhibition of Art. 3716. On the other hand, where the bequest is to the husband, we hold the wife to be without the terms of Art. 3716, since there is no statute requiring her joinder in suits concerning the separate property of the husband. Mitchell v. Deane, Tex. Com. App., 10 S.W. 2d 717; Ragsdale v. Ragsdale, 142 Texas 476, 179 S.W. 2d 291.

As evidenced by other decisions cited by the Court below, we have also held that the word "credible" in Art. 8283, supra, does not mean "worthy of belief," but rather, "competent" or "able to tell about the attestation." None of these decisions, however, went so far as to hold that this competency meant competency with reference to Art. 3716, supra. Actually they all resulted in probating the respective wills in question, and none of them dealt with Art. 3716, except Gamble v. Butchee, 87 Texas 643, 30 S.W. 861. The latter, in answering certified questions in a will contest, held that the wives of the legatees in question *were* valid witnesses to the will, notwithstanding Art. 3716, "for the reason that the property to be received by the husbands would be their separate property."

Thus, if we follow the court below, we carry a step further the present somewhat peculiar rule that the husband of a legatee is within the inhibition of Art. 3716, while the wife of a legatee is not, the new proposition being the equally paradoxical one that the husband is not a "credible" witness to a will under Art. 8283, supra, while the wife is. And the latter result would rest on the same rather legalistic ground as the former, to wit, that by legislative command, a husband must be joined as a party in suits concerning his wife's separate property, although he has no more nor less interest in the outcome of the suit than the wife would have in a suit over *his* separate property.

Evidently there is a definite policy underlying the requirement of the husband's joinder, and the lawmakers did not see fit to repeal or modify it when they purported to give the wife the right of "sole management, control and disposition of her separate property, both real and personal" by Acts 1913, Reg. Sess., Ch. 32, p. 62. See Art. 4614, Vernon's Tex. Civ. Stats. Ann. In fact, the last mentioned article and others expressly require the joinder of the husband in specified business transactions of the wife concerning her separate estate. Thus our holding that

the husband is a necessary party to suits concerning the wife's separate estate is obviously unassailable, since it is exactly what the statutes provide. Wade v. Wade, 140 Texas 339, 167 S.W. 2d 1008.

But the same can hardly be said of the decisions holding the husband, as such statutory necessary party, to be within the inhibition of Art. 3716. The latter provision, being by way of exception to the general provisions abolishing common law disqualification of witnesses for interest (Arts. 3714, 3715) has properly been construed strictly so as to limit its exclusionary effects. Ragsdale v. Ragsdale, supra. True, it has been said, in holding the wife to be a competent witness under Art. 3716 in a suit concerning the separate property of the husband, that her potential interest as a community member in future rents and profits therefrom is not a material factor. Mitchell v. Deane, supra. But obviously this is not to say that the word "party" in Art. 3716 must be given a literal construction so as to include those who are purely nominal parties in the sense of lacking any property interest in the outcome of the suit. On the contrary, it is held that one who is a party, but without any material interest in the suit, may testify just as if he were not a party at all. Ragsdale v. Ragsdale, supra; Markham v. Carothers, 47 Texas 21; Eastham v. Roundtree, 56 Texas 110; Oury v. Saunders, 77 Texas 278, 13 S.W. 1030.

In the Ragsdale case, supra, which was a dispute within the scope of Art. 3716, we applied this rule to a party-witness who disclaimed as to the property in suit because he had transferred it to his children, who were also parties, with the admitted object of thereby making himself a competent witness, for their benefit, as to certain transactions with or statements of the deceased. We said that the motives and other circumstances incident to the transfer by the disclaiming witness were relevant only on the point of whether the transfer actually divested his interest in the property or was a mere pretense. In the same case another disclaiming party-witness had testified by deposition at a time *preceding* his disclaimer, although he had then actually conveyed his interest in the property in suit to his grandchildren. We held that, although the time of giving testimony (as distinguished from the time of trial) is the time to be considered in determining the witness' competency, and although the party-witness had not at that time disclaimed, his testimony was yet admissible. The determining factor is thus, not the formality of disclaimer, still less formal dismissal from

the suit, but the lack of a property interest in the subject matter.[3]

Less apposite but relevant is the further holding, in a suit within the purview of Art. 3716, that where the decedent in question had in his lifetime testified in the same suit as to a particular transaction, even an admittedly interested party may give testimony as to the same transaction, although the statute itself states no such exception. Runnels v. Belden, 51 Texas 48. There Art. 3716 was given a liberal or "common sense" construction so as to permit testimony which was not inconsistent with the exclusionary objects of the statute, although prohibited by its literal terms.

■  These decisions last above discussed appear to us to be inconsistent with those excluding the testimony of the husband as a "party" under Art. 3716 in suits concerning the wife's separate property and relied upon below. The latter are Leahy v. Timon, 110 Texas 73, 215 S.W. 951; Parks v. Caudle, 58 Texas 216; and the Courts of Civil Appeals decisions in Garcia v. Galindo, 189 S.W. 2d 12; Krause v. Krause, 186 S.W. 2d 106; Davis v. Roach, 138 S.W. 2d 268; and perhaps other cases. Since, as clearly held in Mitchell v. Deane, the potential interest of one spouse in future income from separate property of the other is immaterial, the husband certainly has no more interest in the result of the suit than does an erstwhile interested party who has donated his interest to his own children (also parties) in order to qualify himself to testify in their behalf. He is simply a nominal party. The fact that the statutes require him to join or be joined does not give him an interest, such as makes parties "necessary" in the usual sense. The exclusionary object of Art. 3716 is not directed against parties with no real interest. In Wade v. Wade, supra, we held a wife's petition sufficient although her husband expressly joined "pro forma." In fact, by the very terms of Art. 1983, supra, the wife may sue alone for her separate property, with court permission, if the husband refused or neglects to join.

In the latter connection, the San Antonio Court of Civil Appeals was no doubt correct when it said, in effect, in Garcia v. Galindo, supra, that the legislature was not thinking of Art. 3716 when it enacted Art. 1983. But since, where the wife sues

---

[3]"At the time of the giving of the deposition testimony, - - - -, the witness possessed no actual interest in the result of the suit which might have induced him to seek the advantage the statute proposes to prohibit. This, we think, is the true test in every case." 142 Texas 476, 484, 179 S.W. 2d 291, 296.

alone with court permission, the husband clearly would not be a party nor have any more interest in the suit than the wife would have in a suit by the husband for his own separate property, it is hard to see how in the former case he could fall within the ban of Art. 3716. If he would *not*, and we have evidently never held that he would, and if he be incompetent when he *does* join the wife's suit, we have the additional "technicality" of the husband being able to make himself incompetent or competent by joining or refusing to join. Certainly Art. 1983 does not specify that, although not in fact a party, where the wife sues alone, he shall yet be considered as a party; nor can it be reasoned that the wife represents him in suing alone, since he has no interest to be represented.

■ While our own views above stated pursue a different course than the argument made by the petitioner, who not unnaturally forbore to question Leahy v. Timon and the other decisions above listed as holding the husband to fall as a necessary party within the inhibition of Art. 3716, we believe that our course is correct and that those decisions, with all deference to their respected authors, should no longer be followed. We now hold that the husband in cases such as the present is not disqualified under Art. 3716 to testify in the contest. Since that disqualification is the only reason to consider him not a "credible" witness to the will under Art. 8283, it follows that the will was validly witnessed and that the court below erred in holding otherwise.

■ As to the ground of reversal based on improper argument of counsel for the petitioners, we agree with what seems implied by the court below, to wit, that of the four passages complained of by the respondents-contestants only the one dealing with Art. 3716 involves serious possibilities of reversible error.

The latter was made by Mr. Camp, representing the proponent, Lutheran Welfare Society, there being separate arguments made by three lawyers for the proponents and three for the contestants. The proponent, Maurice J. Lehmann, was the only person accused of undue influence, he having drawn and supervised the execution of the will, which made him executor and attorney of the estate as well as principal beneficiary. But Mr. Camp's client was, of course, also interested in that issue as well as the issue of testamentary capacity of the testatrix, and, according to the bill of exception, the offending argument was directed at both issues. As fully as disclosed to us by the record, the argument in question was this:

"Before she (testatrix) went to Fredericksburg she went to her bank and transacted business, took $1000.00 in there and got straightened out her own matters. Her longtime friend, who got on this stand relinquishing any claim he might have, said he wanted to testify in this lawsuit. You know the lips of these people are sealed, the lips of Judge Lehmann are sealed * * * "

The mentioned disclaiming witness was evidently W. E. Janensch, who actually testified and told the jury of his renouncement and its purpose to qualify him as a witness. The objection to the argument, which was overruled by the trial judge, was accordingly directed only to the single sentence concerning "sealed lips"—a figure of speech that seems chronic with advocates in cases of this type. Its frequency is doubtless due less to a purpose of counsel to circumvent Art. 3716 than fear of the jury making an unfavorable guess about why counsel's client did not testify concerning matters obviously within his or her knowledge.

While the instant argument, like most any other argumental reference to Art. 3716, was error and should have been so treated by the trial judge, we cannot say, especially upon the record as a whole, that it probably caused a different verdict than would otherwise have been rendered. See Rules 434 and 503, Tex. R. Civ. Proc.; City of Galveston v. Hill, 151 Texas 139, 246 S.W. 2d 860; Texas Employers' Ins. Ass'n v. Poe, 152 Texas 18, 253 S.W. 2d 645; Aultman v. Dallas Ry. & Terminal Co., 152 Texas 509, 260 S.W. 2d 596; Lumbermen's Lloyds v. Loper, 153 Texas 404, 269 S.W. 2d 367; and similar cases. The tendency was, of course, to make the jury believe that, but for Art. 3716, the petitioner-proponent Lehmann and perhaps others would have testified favorably to the proponents. However, no actual detail of their supposed testimony was mentioned, nor was any reference made to its supposed force or effect. Indeed, the jury might well have assumed, even without counsel suggesting it, that the testimony would not have been unfavorable to the proponent's interest. The case thus differs from those like Ragsdale v. Ragsdale, supra, and Brackenridge v. Roberts, 114 Texas 418, 267 S.W. 244, 270 S.W. 1001, in which latter the offending tactics of counsel clearly tended to put opposing counsel in the unfavorable light of blocking true justice by "technical" rules of law, while any such result from the instant argument was only by remote inference. Indeed, the instant argument was, on its face and in relation to the facts, about as mild as any "sealed lips" argument could be.

Moreover, the matter of Art. 3716 had been clearly brought to the jury's attention in one or more instances during the trial, so that the jurors probably knew that Lehmann and others were in fact disqualified, which was all the argument said about them.

■ As to the evidence, which is part of the record to be considered in connection with the effect of improper argument (see Lumbermen's Lloyds v. Loper, supra), it is of interest that the contestants, as appellants below, did not contend that the verdict was unsupported by evidence or even against its weight and preponderance. There was, indeed, enough to have supported a contrary verdict on the issue of testamentary capacity, and no doubt also on that of undue influence, which is a more difficult thing to prove. But conceding unnaturalness to a will, which excludes brothers and definitely subordinates nieces and nephews in favor of an unrelated attorney of the testatrix and sundry religious and charitable institutions, and recognizing the advanced age (76 years), the desperate state of health and lonely condition of the testatrix, as well as the natural suspicion attaching to a transaction of this sort between her and her attorney, we yet have to say that, in our opinion, the verdict does not appear by any means to flout the evidence. The contention of unnaturalness was rebutted by seemingly unbiased testimony as to remoteness of relations between the testatrix and her relatives, and in the area of opinion as to her mental capacity, the evidence actually preponderates in favor of the verdict. On the issue of undue influence, the above-mentioned circumstantial evidence was the only proof that might suggest domination of the mind of the testatrix by said petitioner or anyone else. At the same time it appears that the petitioner had known and advised her both in business and law matters for many years, was related to others whom she liked and respected, and may have been in part responsible for her having the substantial estate she left on her death.

Since the two points of improper argument and invalid attestation of the will are all that is now relied on to defeat the district court judgment for the petitioners-proponents and sustain the judgment of the Court of Civil Appeals, the latter is accordingly reversed, and that of the district court is affirmed.

Opinion delivered November 30, 1955.

Rehearing overruled January 18, 1956.