Velda Moore McDONALD et vir, Appellants,

v.

Earl Pierce HANKS, Appellee.

No. 3621.

Court of Civil Appeals of Texas.

Eastland.

Sept. 22, 1961.

Rehearing Denied Oct. 13, 1961.

---

Clyde Boose, Sweetwater, Conway Wallace, Houston, for appellant.

Ponder & Pearson, Sweetwater, for appellee.

GRISSOM, Chief Justice.

This is an appeal by Velda Moore McDonald and husband, James K. McDonald, from a judgment denying their contest of the probate of the will of Mrs. McDonald's mother, Mrs. Hanks. Mrs. Hanks executed the will on July 16, 1959. She died on September 5, 1959. By its terms Mrs. Hanks gave all her property to her husband, Earl Pierce Hanks, and he was appointed independent executor of her estate. But, it provided that if Mr. Hanks died before testatrix that all her property should go to the children of the McDonalds and, in such event, Mr. McDonald was appointed independent executor of her estate. Contestants charged that when the will was executed Mrs. Hanks did not have testamentary capacity; that she did not know the contents of said instrument and that its execution was the result of the undue influence of her hubsand. The jury found against said contentions.

Appellants contend that the court committed reversible error in refusing to give a requested instruction based on Texas Rules of Civil Procedure, rule 182a. It would have instructed the jury that "an in-terested party" is not permitted to testify in such a case, unless called by the opposite party, and that "an interested party" included all "parties of record". Mr. McDonald was a "party of record". Appellants say that such refusal prevented them from explaining to the jury why Mrs. McDonald did not testify, and that they were thereby prejudiced. We do not think reversible error is shown. The trial was personally attended by Mrs. McDonald and her husband. The trial was personally attended by Mr. Hanks. They were all parties of record. None of them testified or offered to testify. None of them was called to testify. Said grandchildren, who were the contingent beneficiaries, were 7 and 9 years of age, respectively. Appellee says that the statement of facts reveals that there was no statement or allusion in the presence of the jury relative to any of said persons testifying or failing to testify. We have observed no such allusion or statement and appellants have not refuted appellee's statement.

Rule 182a provides:

"Subject to appellate review for an abuse of discretion, the trial court shall in a proper case, where Article 3716 prohibits an interested party or witness from testifying, instruct the jury that such person is not permitted by the law to give evidence relating to any transaction or conversation with, or statement by, a deceased person, unless he is called to testify thereto by the opposite party." (Emphasis is ours.)

The rule clearly shows that a refusal to so instruct a jury does not, of itself, constitute reversible error, but that an abuse of discretion must be shown. If, as appellants contend, because said instruction was not given they were unable to explain Mrs. McDonald's failure to testify, it is equally true that appellee was not able to explain why he did not testify concerning the matters precluded by Article 3716. The only case we have found interpreting R.C.P.

182a is Munden v. Chambless, Tex.Civ.App., 315 S.W.2d 355, (Ref.N.R.E.), which recognized the necessity for showing an abuse of discretion.

The requested instruction was not correct. It would have told the jury, in effect, that Mr. McDonald was prohibited by Article 3716 from testifying, unless he was called by the opposite party. McDonald's testimony was not prohibited. Lehmann v. Krahl, 155 Tex. 270, 285 S.W.2d 179. If many of the statements attributed to Mr. Hanks in an attempt to show that he unduly influenced his wife were false, that fact could evidently have been shown by Mr. McDonald and his two children. To illustrate: Mr. Hanks was quoted as having told his wife that he had talked to Mr. McDonald; that the McDonalds had been having family trouble and were separated, etc. We hold that the court did not abuse its discretion in refusing to give the requested instructions. Said point is overruled.

Appellants' second point is to the effect that the court erred in permitting witnesses to testify as to an ultimate issue, that of testamentary capacity, thereby invading the province of the jury. Said point is overruled because appellants did not present such complaint on the trial or in their motion for a new trial. However, if they had we would be compelled to hold that the evidence complained of was not subject to that objection.

Appellants' third point is that the court committed reversible error in appointing a person independent executor who is disqualified under Section 78 of the Probate Code of Texas, V.A.T.S. That portion of Section 78 which appellants rely on would have disqualified appellee if the applicable facts had been established. They were not established.

All of appellants' contentions have been considered and are overruled. Reversible error is not shown. The judgment is affirmed.