Cecile Morris PRICE et vir, Appellants,

v.

Robert M. JOHNSTON et al., and the Estate of Rose Morris, Deceased, Appellees.

No. 13842.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 20, 1961.

Rehearing Denied Jan. 17, 1962.

Bernard A. Golding, Houston, for appellants.

Houchins, Anderson, Smith & Null, Victoria, for appellees.

POPE, Justice.

Appeal from Victoria County.

This is a contest of the will of Mrs. Rose Morris. The court without a jury trial, upheld the will. Contestants are Cecile Morris Price and her husband. She is a

daughter of the testatrix. Another daughter is now deceased, and she was survived by three children, who are the contestees. Contestants claim that the testatrix lacked testamentary capacity and that she was the victim of undue influence. They urge that the implied findings of the court are so against the great weight of the evidence as to be manifestly wrong.

The grounds for both attacks upon the will are that the testatrix was eighty-four years of age and was ill when she executed her will. The evidence does not suggest who, if anyone, worked the undue influence, when it was done, or in what manner. The evidence shows that the testatrix, of her own free will, went to the office of the attorney who had counseled her and her husband, then deceased, for more than twenty years. She discussed her property and her will at length, with the attorney, and later returned to execute the formal will. By her will, testatrix left one-half of her property to contestant in trust, and the other half to contestees in trust. These transactions were without the knowledge of any of the beneficiaries. Her testamentary capacity was proved by the unshaken testimony of five witnesses.

Contestants have done no more than prove that the testatrix was old and sick. These bare facts defeat neither the testatrix's capacity nor her freedom to act. Hospital records which are in evidence show that the testatrix was in the hospital twelve times between 1953 and 1959, and that she was treated for asthma. Once she was in the hospital for a strained hip, and again for a broken foot. In 1957, according to the record of one visit, she suffered from asthma, expansion of the thoracic cage, and acute anxiety. A medical witness explained that the anxiety was probably occasioned by her shortness of breath. The hospital records show that she received narcotics during her periods of hospitalization as treatment to relieve her difficulty in breathing. Her physicians testified that the effects of such treatment were dissipated in a few hours. There is no evidence which suggests that testatrix's mind was weakened by or that she was under any disabling influence of medicine and drugs on, before, or after May 21, 1957, the day she executed the will.

Mrs. Morris' advanced age, without more, proves neither incapacity nor the fact of undue influence. 1 Page on Wills, (Bowe-Parker Revision), § 12.27. Mr. Justice Fly, in Salinas v. Garcia, Tex.Civ.App., 135 S.W. 588, upheld the capacity of a testator ninety years of age. Accord, Lehmann v. Krahl, 155 Tex. 270, 285 S.W.2d 179; Davidson v. Gray, Tex.Civ.App., 97 S.W.2d 488; McCannon v. McCannon, Tex.Civ.App., 2 S.W.2d 942; Bell v. Bell, Tex.Civ.App., 237 S.W.2d 688; In re Lincoln, 185 Okl. 464, 94 P.2d 227; In re Bose, 136 Neb. 156, 285 N.W. 319. At eighty, Verdi wrote Falstaff, Goethe wrote Faust, and Cato began the study of Greek. At eighty-one, Franklin counseled the Constitutional Convention, and still later urged its adoption by the colonies. At eighty-six, Shaw was producing plays, Churchill was writing his History of the English Speaking People, Russell finished Human Knowledge, and Sweitzer continues to pour out literature and philosophy, while practicing missionary medicine. Hobbes translated the Odyssey at eighty-seven, and the following year the Illiad. Roscoe Pound, at eighty-nine, published his five-volume work on Jurisprudence. Michelangelo died at the threshold of ninety and, to the last, was active in his artistic decoration of St. Peter's Basilica. At ninety, Titian painted "The Battle of Lepante." Mr. Justice Holmes was writing opinions at ninety, and yearned to be a young man of seventy. At ninety-two, he read Plato in the Greek, as he said, "to improve my mind." Grandma Moses painted more than a thousand pictures after she began painting at the age of seventy-seven. She left unfinished her "Beautiful World" which she began at the age of one hundred and one. Her pictures hang in the galleries of Europe and America. The law does not render persons incompetent upon proof merely of advanced age. See Gambill's

Administrator **v.** Gambill, 236 Ky. 491, 33 S.W.2d 325.

The proof by contestants falls far short of that needed to set aside the implied findings of competency and freedom from undue influence. We affirm the judgment.