Guadalupe S. FARIAS, Appellant,

v.

**TEXAS GENERAL INDEMNITY,**
Appellee.

No. 1286.

Court of Civil Appeals of Texas,
Corpus Christi.

April 20, 1978.

Raul Garcia, Randolph DeLay, Corpus Christi, for appellant.

Jack Latson, Flahive & Ogden, Austin, for appellee.

## OPINION

BISSETT, Justice.

This is an action to recover death benefits under the Workmen's Compensation Statutes of Texas. Following a jury trial, judgment was rendered that Guadalupe S. Farias, the mother of the deceased employee, take nothing by her suit. Guadalupe S. Farias has appealed.

Only one special issue was submitted. That issue and the jury's answer thereto reads, as follows:

"SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that Tomas Farias received such injury in the course of his employment by Orkin Exterminating Company?

'Injury in the course of Employment' means any injury having to do with and originating in the work, business, trade or profession of the employer, received by the employee while engaged in or about the furtherance of the affairs or business of his employer, whether upon the employer's premises or elsewhere.

An injury received while the employee is in a state of intoxication is not in the course of employment.

Answer 'We do' or 'We do not.'

ANSWER: We do not"

No other issues were requested.

On Saturday, November 8, 1975, at approximately 7:35 p.m., an Orkin Exterminating Company pickup truck operated by Tomas Farias, an employee of Orkin, was involved in a single vehicle accident in the northbound bar ditch on Highway 181, near Beeville, Texas. Tomas Farias was transporting Herlinda Sandoval and her two grandchildren to Beeville at the time of the accident.

Upon arriving at the scene of the accident, Officer Leo Franco found the driver, Tomas Farias, dead. Officer Franco smelled a strong odor of alcohol on Tomas Farias and on his clothes, and found a half empty bottle of cherry vodka in the Orkin truck. The road was dry at the time of the accident. Based on his experience in investigating many auto accidents since 1969, as well as numerous DWI cases, Officer Franco was of the opinion that Tomas Farias was intoxicated at the time of the accident, and so testified.

Officer Franco requested that a blood sample be drawn from the body of the deceased. James Waller, a chemist for the Department of Public Safety, testified that the label on the blood sample showed that it was taken by "Kelly Merritt, R.N. at 8:00 __ m" on November 8, 1975. The blood sample was found to contain 0.33 per cent alcohol by weight.

Herlinda Sandoval testified that she "couldn't tell when Tomas Farias was drinking because you couldn't tell that he drank". She further testified that on the day of the accident she and her two grandchildren left Victoria, Texas, in the pickup that was being driven by Tomas Farias at

"4:00 to come to Beeville and that Tomas Farias was not drunk or drinking". They stopped at Raisin, Texas, but, according to her, he "did not drink". She did not remember anything about the accident.

David Garcia, who owned a "beer joint" in Raisin, testified that on the day of the accident Tomas Farias stopped at his place of business. Farias left about "5:00".

Guadalupe S. Farias, hereinafter called "appellant", was 78 years of age at the time in question. She did not know whether her son was married or not, but did testify that he "had other relatives", but she did not know where they lived. The last time she saw her son was on November 6, 1975. She said she did not expect to see him again until Saturday, November 8, 1975.

William Herndon, the manager of Orkin's Corpus Christi office, testified that Tomas Farias was an Orkin employee on the date of the accident. He said that Tomas Farias was authorized to take the company pickup "home at night", and that Orkin's employees "sometimes worked on weekends". However, he further testified that Tomas Farias was not in Beeville on November 7, 1975, had no business in Beeville on November 8, 1975, and did not have "authority to go anywhere for Orkin on November 8".

Appellant, in her first point of error, complains that the trial court erred in "allowing appellee to introduce testimony pertaining to the alcohol content" of the blood sample. In the second point of error, she says that the trial court erred in "permitting the introduction of Officer Leo Franco's opinion that Tomas Farias was intoxicated at the time of the accident".

■ Appellant, by a Motion in Limine, objected to the introduction of testimony pertaining to the blood alcohol content of the deceased. The motion was overruled. However, in order to preserve the right to complain about the introduction of that testimony on appeal, there must be an objection made at the time that the testimony is offered into evidence. *Hartford Accident and Indemnity Company v. McCardell,* 369 S.W.2d 331 (Tex.Sup.1963). No such objec-

tion appears in the record. The action by the trial court, under the circumstances, is not subject to review by this Court. Appellant's first point is overruled.

■ Appellant further complains of the testimony of Officer Leo Franco. In order to preserve the right to complain about the introduction of testimony in the trial court on appeal, there must be an objection made at the time that the testimony is offered into evidence. *Seymour v. Texas & N. O. R. Co.,* 209 S.W.2d 814 (Tex. Civ.App.—El Paso 1947, writ ref'd); *Swinney v. Winters,* 532 S.W.2d 396 (Tex.Civ. App.—San Antonio 1976, writ ref'd n.r.e.); *McDonald v. Hanks,* 349 S.W.2d 787 (Tex. Civ.App.—Eastland 1961, writ ref'd n.r.e.). Appellant did not object to the testimony of Officer Franco at the time it was offered into evidence. Appellant's second point is overruled.

Appellant's third point of error reads: "The trial court erred in prohibiting the introduction of evidence by Appellant as to the reasons for Tomas Farias' trip to Beeville, Texas, in the Appellee's truck." The only argument contained in appellant's brief with respect to the point is found in the following two sentences:

". . . The court excluded direct testimony that the deceased was travelling to Beeville to complete a job for Orkin in its truck. Said testimony is admissible as res gestae to show deceased's status as an employee. . . ."

■ To be admissible as res gestae the statements must be shown to have been a spontaneous reaction to an exciting event. *Hartford Accident and Indemnity Company v. Hale,* 400 S.W.2d 310 (Tex.Sup.1966). The record does not indicate that any statement made by Tomas Farias to Herlinda Sandoval, or to anyone else, as to his reason for going to Beeville on the date of the accident was a spontaneous reaction to an exciting incident or occurrence to which the statements relate. The statements cannot be admitted as res gestae. *Truck Insurance Exchange v. Michling,* 364 S.W.2d 172 (Tex. Sup.1963). Moreover, Mr. Herndon admitted that Tomas Farias was an employee of

**120**

Orkin at all times pertinent to this suit. Appellant's third point is overruled.

■ Appellant further contends that the trial court erred in submitting to the jury an instruction on the "dual purpose" doctrine (fourth point), and in including "an instruction on intoxication" (fifth point).

All objections to the trial court's charge to the jury must be made "before the charge is read to the jury", and "all objections not so presented shall be considered as waived". Rule 272, T.R.C.P. (1976).

According to the record here presented, appellant did not object to the inclusion of any of the instructions set out in Special Issue No. 1 before the charge was read to the jury. In that state of the record, all objections were waived, and the complaint now being voiced was not preserved for appellate review. *Safeway Stores, Incorporated v. Bozeman,* 394 S.W.2d 532 (Tex.Civ. App.—Tyler 1965, writ ref'd n.r.e.); *Carter v. Barclay,* 476 S.W.2d 909 (Tex.Civ.App.— Amarillo 1972, no writ); *Kroger Food Company v. Singletary,* 438 S.W.2d 621 (Tex. Civ.App.—Beaumont 1969, no writ). Appellant's fourth and fifth points are overruled.

■ Appellant's sixth and final point of error reads:

"The Jury's finding is factually insufficient for the reason that there is no admissible evidence to support said finding, or in the alternative, for the reason that ·said finding is against the great weight and preponderance of the evidence."

The statement, argument and authorities concerning the point consists of one sentence in appellant's brief. The sentence reads:

"Considering the admissible evidence in the record and the points of error hereinabove mentioned, the jury's finding is not supported by the admissible evidence."

The point was not briefed; it is, therefore waived on appeal. Rule 418, T.R.C.P.; *Rayburn v. Giles,* 182 S.W.2d 9 (Tex.Civ. App.—San Antonio 1944, writ ref'd); *Crutcher-Rolfs-Cummings, Inc. v. Ballard,* 540 S.W.2d 380 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e., cert. denied 433 U.S. 910, 97 S.Ct. 2978, 53 L.Ed.2d 1095); *Hale v. Ramsey,* 524 S.W.2d 436 (Tex.Civ.App.—Austin 1975, no writ). Appellant's sixth point is overruled.

The judgment of the trial court is AFFIRMED.